OPINION
{¶ 1} Plaintiff-appellant, Jennifer Barber, appeals the March 17, 2005 judgment entry of the Lake County Court of Common Pleas, Juvenile Division, granting defendant-appellee, Matthew J. Gross' motion for relief from judgment. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On January 27, 2004, Barber filed a Complaint to Establish Paternity and Child Support Obligation. Barber alleged that Gross was the father of the minor child, Cody Ryan Barber, born June 12, 1995. Barber requested an order for genetic testing to establish paternity of Cody and for child support. Service of the complaint on Gross was perfected by certified mail. A copy of the complaint was served upon Gross at the Squaw Peak Police Precinct in Phoenix, Arizona, and the return receipt was signed by Brad Gurst. Gross failed to respond to the complaint or appear for a pretrial hearing.
 {¶ 3} On July 9, 2004, a trial was held before a magistrate of the Lake County Court of Common Pleas. Only Barber and her counsel were present for trial. Barber testified and introduced evidence of the following: Barber and Gross were married in New Jersey on October 17, 1993; Barber and Gross had marital relations in September 1994; Barber and Gross separated in October 1994; Cody was born in June 1995. Barber notified Gross that she was pregnant with Cody and that he was the father. Barber also notified Gross after Cody was born. Barber testified that Gross did not want to be involved with Cody. On February 17, 1997, Gross obtained a "default or uncontested" decree of dissolution of marriage from the Superior Court of California, County of San Diego. Barber also introduced documentary evidence of her current income and or Gross' income as a police officer for the City of Phoenix.
 {¶ 4} On July 26, 2004, the trial court entered judgment finding that Gross was the "presumed legal father" of Cody. The court further ordered Gross to pay child support in the amount of $676.33 per month plus processing and arrearage in the amount of $135.27 per month plus processing.
 {¶ 5} On January 27, 2005, Gross filed a Motion to Withhold Distribution of Child Support Payments to Obligee. Attached to the motion was an e-mail sent to Gross from the Gene Tree DNA Testing Center stating that there was a "0.0%" probability that Gross is Cody's father. On February 1, 2005, the trial court granted Gross' motion and ordered the Lake County Child Support Division "to withhold disbursement of child support to plaintiff-obligee, subject to further Order of Court." Thereafter, Barber filed a Motion to Vacate Judgment Entry dated February 1, 2005 and Motion to Strike Gross' Motion to Withhold Distribution. Gross, pursuant to Civ.R. 60(B), filed a Motion for Relief from Judgment or Order. Attached to Gross' motion for relief from judgment was a copy of a Paternity Analysis Report generated by Gene Tree and stating that "Matthew Gross is excluded from being the biological father of Cody Barber."
 {¶ 6} On March 17, 2005, the trial court granted Gross' motion for relief from judgment and denied Barber's motions to vacate and strike. This appeal timely follows.
 {¶ 7} Barber raises two assignments of error on appeal:
 {¶ 8} "[1.] The trial court erred in granting appellee's motion for relief from judgment.
 {¶ 9} "[2.] The trial court erred when it granted appellee's motion to withhold disbursement of child support payments."
 {¶ 10} The Ohio Supreme Court set forth the standard for granting a Civ.R. 60(B) motion as follows: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The Supreme Court has made clear that the movant must meet all three criteria to be entitled to relief. A timely motion may not be granted solely because the movant has a meritorious defense. "[T]he movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ.[R.] 60(B)(1) through (5)." Id. at 151. While Civ.R. 60(B) is a remedial rule and, therefore, to be construed liberally, the trial court must bear in mind that the rule attempts to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v.Bazell (1980), 64 Ohio St.2d 243, 248, citing 11 Wright 
Miller, Federal Practice Procedure 140, Section 2851, quoted inDoddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
 {¶ 11} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. In reWhitman, 81 Ohio St.3d 239, 242, 1998-Ohio-466, citing Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} Barber makes two arguments under her first assignment of error. The first is that Gross failed to demonstrate that he is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) to (5). The second argument is that the trial court improperly relied on genetic test results which were not performed pursuant to the requirements of R.C. 3111.09(B)(1).
 {¶ 13} Barber's second argument misconstrues the nature of the proceedings for relief from judgment. In ruling on Gross' motion, the trial court has merely determined that Gross has a meritorious defense; the court is not rendering judgment on the merits of that defense. For this reason, Civ.R. 60(B) does not require the movant to submit evidentiary materials in support of his motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20-21. The burden is upon the movant, however, "to enlighten the court as to why relief should be granted" and "to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." Id. at 21; Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 19, 1996-Ohio-430 ("[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts") (citation omitted). For the purpose of the Civ.R. 60(B) motion for relief from judgment, Gross' genetic test evidence did not need to comply with the requirements for admissibility under R.C. 3111.09(B)(1).
 {¶ 14} Barber's first argument has merit. Although Gross has established the existence of a meritorious defense, he has failed to establish that he is entitled to relief under one of the provisions of Civ.R. 60(B). In the motion for relief from judgment, Gross correctly stated that a court may relieve a party from the effects of judgment "for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; or 2) fraud, misrepresentation or other misconduct of an adverse [party]; 3) or any other reason justifying relief from judgment." In support of the second GTE criteria, Gross' motion contained a single sentence: "Since he was aware of the law of parentage, Matthew Gross's failure to appear can be attributed to excusable neglect."
 {¶ 15} The assertion that Gross' awareness of the law of parentage constitutes excusable neglect is nonsensical. Even were we to construe the meaning to be that Gross was unaware of the law of parentage, ignorance of the law, without more, does not constitute excusable neglect so as to justify relief from judgment. Katko v. Modic (1993), 85 Ohio App.3d 834, 837-838
(this court rejected the argument that movant's lack of legal training amounted to excusable neglect), citing AssociatedEstates, Corp. v. Fellows (1983), 11 Ohio App.3d 112, 116
("[t]he neglect of an individual to seek legal assistance after being served with court papers is not excusable"). Bare assertions such as awareness of the law, unsupported by operative facts, are insufficient to support a motion for relief from judgment. Gregory v. Abdul-Aal, 11th Dist. No. 2002-T-0176,2004-Ohio-1703, at ¶ 25.
 {¶ 16} Since Gross failed to satisfy the second prong of theGTE test, he was not entitled to relief from judgment under Civ.R. 60(B). Barber's first assignment of error has merit.
 {¶ 17} Although the trial court erred in granting Gross relief under Civ.R. 60(B), we affirm the trial court's decision on other grounds. State v. Eschenauer, 11th Dist. No. 12-237, 1988 Ohio App. LEXIS 4479, at *8 ("[r]eviewing courts affirm and reverse judgments, not reasons") (citation omitted);Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284 ("it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof").
 {¶ 18} In a factually similar situation, the Ohio Supreme Court has held that a juvenile court may vacate an initial finding of parentage when confronted with evidence of non-paternity. Relying on R.C. 3111.16, the court held that "a juvenile court has continuing jurisdiction over all judgments or orders issued in accordance with R.C. 3111.01 to 3111.19, which includes judgments or orders that concern the duty of support or involve the welfare of a minor child." Cuyahoga SupportEnforcement Agency v. Guthrie, 84 Ohio St.3d 437, 444,1999-Ohio-362, citing Singer v. Dickinson (1992),63 Ohio St.3d 408, 413-414 ("[a] child affected by such an order is considered a ward of the court, which may always reconsider and modify its rulings when changed circumstances require it during the child's minority"). In Guthrie, as in this case, appellee-obligor had sought to vacate a paternity finding through a motion for relief from judgment based on genetic testing. Although appellee was not entitled to relief under Civ.R. 60(B), the Supreme Court upheld the decision to vacate the paternity finding as an exercise of the trial court's continuing jurisdiction pursuant to R.C.3111.16. Id.
 {¶ 19} In the present case, the trial court properly vacated its initial finding of paternity based on Gross' evidence that he is not Cody's biological father. The issue of paternity, however, has not been conclusively settled. As the trial court acknowledged in its March 17, 2005 judgment entry, Gross has merely established his right to raise the defense of non-paternity and to have a hearing thereon.
 {¶ 20} Accordingly, Barber's second assignment of error, challenging the trial court's decision to withhold disbursement of child support payments, is without merit. Whether Gross will be liable for future support payments and the amount of arrearage Gross owes can be determined by the trial court following a hearing on the merits of Gross' defense.
 {¶ 21} For the forgoing reasons, the decision of the Lake County Court of Common Pleas, Juvenile Division, vacating its prior judgment entry of July 26, 2004, is affirmed.
O'Neill, J., Rice, J, concurs.