BANFIELD, Appellee,

v.

BRODELL et al., Appellants.

[Cite as *Banfield v. Brodell*, 169 Ohio App.3d 110, 2006-Ohio-5267.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 06 MA 8.

Decided Sept. 27, 2006.

**112**

Patrick C. Fire and Joseph W. Gardner, for appellee.

Roetzel & Andress, L.P.A., Stacy A. Ragon, and Micheal J. Fuchs, for appellants James D. Brodell, M.D. and James D. Brodell, M.D., Inc.

Carpenter Law Firm and James C. Carpenter, urging reversal for amici curiae, Ohio Medical Association, American Medical Association, and American Association of Orthopedic Surgeons.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendants-appellants, James Brodell and James Brodell, Inc., appeal the decision of the Mahoning County Court of Common Pleas that granted the motion of plaintiff-appellee, Sandra Banfield, for relief from judgment of an order dismissing her complaint. Brodell argues that Banfield failed to show excusable neglect, so she was not entitled to relief from judgment under Civ.R. 60(B).

{¶ 2} This court reviews a trial court's decision on a Civ.R. 60(B) motion for an abuse of discretion. In this case, Banfield failed to either attach an affidavit of merit to her complaint or request an extension of time to file that affidavit at the time she filed her complaint. Such an affidavit was not required until an amended Civ.R. 10 became effective 27 days before Banfield filed her complaint. The research by Banfield's attorney failed to discover this requirement in the amended rule. The trial court did not abuse its discretion when it concluded that this was excusable neglect since Banfield's actions did not demonstrate a complete disregard for the judicial system. Accordingly, the trial court's decision is affirmed.

## Facts

{¶ 3} Banfield consulted with Brodell, an orthopedic surgeon, about knee problems and Brodell determined that a total knee replacement was the proper treatment for her. On August 10, 2004, Brodell performed surgery on Banfield's knee. Banfield suffered complications after the surgery and contacted Attorney Joseph Gardner about commencing a lawsuit against, among others, Brodell.

{¶ 4} On July 1, 2005, an amended version of Civ.R. 10 became effective. The amendment to that rule required that a complaint containing a medical, dental, optometric, or chiropractic claim be accompanied by an affidavit of merit from an expert witness averring, among other things, that one or more of the defendants breached the standard of care and that the breach caused injury to the plaintiff. Attorney Gardner was not aware of this amendment and the research he and his research assistant conducted did not uncover this amended rule. Prior to the amendment, no Ohio statute or rule had required such an affidavit since July 2001.

{¶ 5} Banfield's complaint was filed on July 28, 2005 and alleged a medical claim, but Banfield failed to either attach an affidavit of merit to her complaint or request an extension of time to file that affidavit at the time she filed her complaint. Brodell and his co-defendants each moved to dismiss the complaint for the failure to comply with Civ.R. 10. Banfield then moved to file the affidavit of merit instanter, but the trial court overruled that motion and granted the defendants' motions to dismiss on November 21, 2005.

{¶ 6} On November 29, 2005, Banfield moved for relief from judgment under Civ.R. 60(B), claiming excusable neglect. Brodell responded on December 6, 2005, and Banfield filed a supplemental memorandum on December 12, 2005. The trial court held a hearing on the pending motion on December 13, 2005, and issued its judgment the next day. It concluded that any error by Banfield's counsel "was due to excusable neglect under the circumstances of this case" and granted her motion for relief from judgment.

{¶ 7} On appeal, the Ohio State Medical Association, the American Medical Association, and the American Association of Orthopedic Surgeons sought leave to file an amicus curiae brief on Brodell's behalf. This court granted that motion on May 1, 2006.

{¶ 8} Brodell argues the following assignment of error on appeal:

{¶ 9} "The trial court abused its discretion in granting Plaintiff's Motion for Relief from Judgment because Plaintiff failed to demonstrate that her failure to attach an Affidavit of Merit to her Complaint resulted from excusable neglect."

## Standard of Review

{¶ 10} "Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order." *In re Whitman* (1998), 81 Ohio St.3d 239, 242, 690 N.E.2d 535. A party may obtain relief either through the full vacation of the prior judgment or by partial vacation or modification of that judgment. Id. at 243, 690 N.E.2d 535. Civ.R. 60(B) is remedial and should be liberally construed so the ends of justice may be served. *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. To prevail upon a Civ.R. 60(B) motion, the movant must demonstrate (1) that a meritorious defense or claim will be presented if relief is granted, (2) that the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) that the motion is made within a reasonable time, and, when the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, at paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.

{¶ 11} A motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Servs. Bd.* (1986), 28 Ohio St.3d 128, 131, 28 OBR 225, 502 N.E.2d 605. Thus, the movant's arguments must not merely reiterate arguments concerning the merits of the case and could have been raised on appeal. *Manigault v. Ford Motor Co.* (1999), 134 Ohio App.3d 402, 412, 731 N.E.2d 236.

{¶ 12} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment, a reviewing court will not reverse that decision unless the trial court abuses its discretion. *Strack*, 70 Ohio St.3d at 174, 637 N.E.2d 914. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 13} In this case, the parties do not dispute either that Banfield had a meritorious claim or that her motion was timely filed. Instead, the sole issue we must address is whether the trial court abused its discretion when it concluded that Banfield demonstrated that her failure to either attach an affidavit of merit to her complaint or request an extension of time to file that affidavit at the time she filed her complaint was the result of excusable neglect.

## Affidavit of Merit

{¶ 14} On July 1, 2005, Civ.R. 10 was amended to include subsection (D)(2). That subsection requires that a complaint containing a medical, dental, optometric, or chiropractic claim be accompanied by an affidavit of merit from an expert witness averring, among other things, that one or more of the defendants breached the standard of care and that the breach caused injury to the plaintiff. A plaintiff who does not have an affidavit of merit when the complaint is filed can seek an extension of time to file the affidavit, but must seek that extension when the complaint is filed. Civ.R. 10(D)(2)(b).

{¶ 15} Former R.C. 2305.011 contained similar requirements, but that statute was repealed on July 6, 2001. See *McCleery v. Leach,* 11th Dist. No. 2001–L–195, 2003-Ohio-1875, 2003 WL 1871005, at ¶ 5, fn. 1. No rule or statute required an affidavit of merit to be filed with a complaint in a medical malpractice case instituted between July 2001 and July 2005.

## Excusable Neglect

{¶ 16} Banfield admits that her counsel erred by failing to either attach an affidavit of merit to her complaint or request an extension of time to file that affidavit when she filed her complaint. She argues that this mistake is due to excusable neglect since the rule requiring such a filing was a new rule that was not contained in any of her attorney's legal books at the time the complaint was filed. Brodell contends that ignorance of the law is no excuse and that there are no unusual or special circumstances justifying her attorney's neglect.

{¶ 17} "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Kay,* 76 Ohio St.3d at 20, 665 N.E.2d 1102. Because of this difficulty, the Ohio Supreme Court has defined the term in the negative, saying that neglect is not excusable if it can be labeled as a "complete disregard for the judicial system" or if the conduct "falls substantially below what is reasonable under the circumstances." *GTE Automatic Elec.,* 47 Ohio St.2d at 152–153, 1 O.O.3d 86, 351 N.E.2d 113. The determination of whether a particular failure is excusable neglect "must be made from all the individual facts and circumstances in each case." *D.G.M., Inc. v. Cremeans Concrete & Supply Co., Inc.* (1996), 111 Ohio App.3d 134, 138, 675 N.E.2d 1263. However, courts must remember that Civ.R. 60(B)(1) is a remedial rule "to be liberally construed with a view for effecting a just result." *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1993), 67 Ohio St.3d 134, 136, 616 N.E.2d 869. "[D]oubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec.* at 151, 1 O.O.3d 86, 351 N.E.2d 113.

{¶ 18} In *Kay,* the Ohio Supreme Court reversed a decision denying Civ.R. 60(B) relief on the grounds of excusable neglect. In that case, the trial court granted default judgment because the defendant did not respond to the complaint. Soon thereafter, the defendant moved for relief from judgment, arguing excusable neglect. The defense attorney had prepared an answer, along with a request for production of documents and interrogatories, but his secretary had inadvertently filed the documents in the file drawer, rather than mailing them to the court for filing and to opposing counsel. The Ohio Supreme Court found that this was excusable neglect since the neglect "stemmed from the reorganization of the firm's accounting system and was simply an isolated incident and not an ongoing concern." Id., 76 Ohio St.3d at 20, 665 N.E.2d 1102.

{¶ 19} The Ohio Supreme Court has also reversed the denial of Civ.R. 60(B) relief for excusable neglect in *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879. In that case, an attorney filed a motion to continue a pretrial conference that had been agreed to by opposing counsel. The trial court's scheduler told counsel that he would receive notice of the new date. However, the trial court did not grant the continuance and dismissed the case when counsel failed to appear at the scheduled pretrial. The Ohio Supreme Court concluded that it was an abuse of discretion for the trial court to find that this was not excusable neglect.

{¶ 20} "While it would certainly have been more prudent for counsel to follow-up on the status of the pending motion for continuance prior to the pretrial conference, we find that counsel's reliance on the court scheduler's statements, combined with the other circumstances, constitutes grounds for Civ.R. 60(B) relief premised on excusable neglect." Id. at 70, 18 OBR 96, 479 N.E.2d 879.

{¶ 21} The district courts of appeals have found excusable neglect in a variety of situations. For instance, in *Bailey v. Trimble* (Sept. 13, 1995), 2d Dist. No. 15235, 1995 WL 547078, the court held that an attorney's failure to attach an affidavit to a motion for summary judgment was excusable neglect. And in *Rucker v. Cvelbar Body & Paint Co.* (Dec. 7, 1995), 8th Dist. No. 68573, 1995 WL 723307, it was excusable neglect for plaintiff's counsel to miss a trial date because he lost his schedule book while campaigning for lieutenant governor.

{¶ 22} In this case, Banfield's attorney was preparing to file her complaint for medical malpractice. He found that former R.C. 2302.011, which required that an affidavit of merit accompany a medical-malpractice complaint, had been repealed and that the legislature had not enacted a similar requirement in another statutory section. Furthermore, his copy of the Civil Rules had not been updated to the current version of Civ.R. 10, which now contained the affidavit-of-merit requirement. That rule became effective 27 days before Banfield's complaint was filed. Thus, Banfield's counsel did not either attach the

affidavit of merit to her complaint or request an extension of time to file that affidavit when she filed her complaint because his research had not discovered a new Civil Rule governing the situation.

{¶ 23} Brodell cites a variety of cases that hold that a party cannot claim excusable neglect if the only excuse is ignorance of the law. See *Internatl. Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 657 N.E.2d 820 (not excusable neglect for an out-of-state attorney to ignore basic procedure); *Katko v. Modic* (1993), 85 Ohio App.3d 834, 621 N.E.2d 809 (layman knew enough about law to understand that he was in default); *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 610 N.E.2d 507 (out-of-state attorneys not excused for failing to familiarize themselves with, and abide by, state and local rules of practice); *Barber v. Gross*, 11th Dist. No. 2005–L–063, 2005-Ohio-7056, 2005 WL 3610477, at ¶ 15 (ignorance of the law, without more, does not constitute excusable neglect so as to justify relief from judgment). But these cases are distinguishable from the case at hand.

{¶ 24} In each of the cases Brodell cites, the parties at fault did not try to comply with the relevant law. Instead, they were willfully ignorant as to whether they were complying with the law. In this case, Banfield's attorney researched the law governing medical-malpractice complaints, but missed the fact that a new version of Civ.R. 10 became effective 27 days before he filed Banfield's complaint.

{¶ 25} A trial court's decision regarding whether a party has committed excusable neglect depends on the facts of that particular case, and the unusual facts of this case are unlikely to happen again. We conclude that the trial court did not abuse its discretion when it concluded that Banfield's counsel's actions constituted excusable neglect. Accordingly, Brodell's sole assignment of error is meritless.

## Conclusion

{¶ 26} Brodell argues that the trial court abused its discretion when it concluded that Banfield had demonstrated excusable neglect. However, Banfield demonstrated that her attorney had diligently researched the law, but had missed a new version of Civ.R. 10 that became effective 27 days before her complaint was filed. Given these facts, the trial court did not abuse its discretion when it found this neglect excusable, and the judgment of the trial court granting Civ.R. 60(B) relief is affirmed.

Judgment affirmed.

WAITE, J., concurs.

VUKOVICH, J., dissents.

VUKOVICH, J., dissenting.

{¶ 27} I respectfully dissent from the decision reached by my colleagues. In my opinion, the trial court abused its discretion in granting the Civ.R. 60(B) motion for relief from judgment. To me, the case law indicates that counsel's action of failing to file the Civ.R. 10 affidavit of merit does not amount to excusable neglect.

{¶ 28} A general definition of excusable neglect is "some action 'not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.'" *McEnteer v. Moss*, 9th Dist. Nos. Civ.A. 22201 and Civ.A. 22220, 2005-Ohio-2679, 2005 WL 1283707, quoting *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 536, 706 N.E.2d 825, fn. 8, quoting Black's Law Dictionary (6 Ed.1990) 566.

{¶ 29} Failing to comply with Civ.R. 10, in the instant case, was inattention to the law as it was at the time the complaint was filed. Civ.R. 10 had been in effect 27 days prior to the filing of the complaint. Moreover, the required affidavit was apparently not discovered by counsel for appellees for at least another 60 days when counsel for appellants filed a motion to dismiss the complaint on September 28, 2005. Therefore, the effective date of Civ.R. 10(D)(2) was ignored by appellee for at least 87 days. Finally, the rule in question here was not the result of a last-minute amendment to a rule that had immediate effect. Rather, the process for changes to the Ohio Rules of Civil Procedure is permeated with deliberation and public awareness. Section 5(B), Article IV, of the Ohio Constitution reads as follows:

{¶ 30} "The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

{¶ 31} Furthermore, the Commission on Rules of Practice and Procedure has set forth a typical schedule for proposed rule amendments to go through before they become effective. See http://www.sconet.state.oh.us/RAC/constitution.asp. In September, the commission finalizes proposed amendments for submission to the Supreme Court. Id. In September or October, the Supreme Court considers the proposed amendments and *publishes the amendments for comment.* Id.

In November or December, the commission considers comments received on proposed amendments, makes revisions and submits recommendations to the Supreme Court. Id. In December or January, the Supreme Court considers public comment and recommendations from the commission and approves amendments for filing with the General Assembly. Id. Pursuant to Section 5(B), Article IV, of the Ohio Constitution, on or before January 15, the Supreme Court files amendments with the General Assembly. Id. In February, another *publication for comment of amendments* is filed. Id. Then, in March or April, the commission reviews comments, makes revisions, and submits proposed revisions to the Supreme Court. Id. Also in April, the Supreme Court considers public comments and revisions prepared by the commission and approves any revision for filing with the General Assembly. Id. On or before May 1, pursuant to Section 5(B), the Supreme Court must file any revised amendments with the General Assembly. Id. Finally, the effective date of the amendments is, in accordance with the Ohio Constitution, July 1. Id.

{¶ 32} Thus, as can be seen by this ten-month process, the public is made fully aware of proposed rule amendments. Thus, counsel should have been aware of the changes to Civ.R. 10.

{¶ 33} To hold that an attorney's failure to be aware of the law at the time a complaint was filed was excusable neglect because the law had recently changed, in my opinion, is opening up the flood gates for excusing attorneys for their inattention to the changes in the law. The majority states that "the unusual facts of this case are unlikely to happen again." I disagree. Rules and statutes change. Attorneys practicing law should be abreast of these changes, especially in medical-malpractice cases.

{¶ 34} Furthermore, as the majority states, cases have held that ignorance of the law does not amount to excusable neglect, citing *International Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 657 N.E.2d 820; *Katko v. Modic* (1993), 85 Ohio App.3d 834, 621 N.E.2d 809; *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 610 N.E.2d 507; *Barber v. Gross*, 11th Dist. No. 2005–L–063, 2005-Ohio-7056, 2005 WL 3610477. While the majority states that these cases are distinguishable from the case at hand, I disagree. The fact that appellee's attorney attempted to comply with the rule after he learned of his noncompliance does not diminish the fact that the appropriate rules were not followed when the complaint was filed. I would find that those cases are on point. Furthermore, because I can find no case law that stands for the proposition that ignorance of a current law is excusable neglect, I must find that the trial court abused its discretion.

{¶ 35} Finally, Civ.R. 86(BB) states that the amendment to Civ.R. 10, at issue here, "shall take effect on July 1, 2005" and "govern all proceedings in actions

brought after they take effect and also all further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." Therefore, it is clear from the language of the amendment itself that the only leeway given to a trial court to deviate from an amended rule may be found only in pending cases. Because this matter was filed after the effective date of the rule, the trial court has no discretion to ignore its applicability.

{¶ 36} Thus, for all the above reasons, I respectfully dissent.