OPINION
{¶ 1} Ronda Brennan nka Davis ("Davis") appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which overruled her motion for relief from a judgment finding her in contempt of court for failure to comply with the terms of her divorce decree.
 {¶ 2} Davis married Terry Brennan in December 2000, and they were divorced in *Page 2 
November 2004. The trial court's Final Judgment Entry and Decree of Divorce, which ratified an agreement between the parties, provided that Brennan would be awarded one-half of Davis's interest "in the $36,000 plus interest loan to [Davis's] mother made by [Davis] on or about July 25, 2003 and evidenced by a `Notice of Intent to Repay Short-Term Loan' presented as an Exhibit."
 {¶ 3} In January 2005, Brennan filed a motion to show cause why Davis should not be held in contempt for failure to pay him his share of the loan repayment. The magistrate held a hearing at which she considered this issue and others raised by the parties. According to the magistrate's findings, the parties intended for the $36,000 loan to Davis's mother, Edna Davis, to be repaid from proceeds from the sale of real estate owned by Edna. At the hearing, Edna testified that she had sold the real estate in question and had repaid a loan from one of her children, but that she had not repaid Davis because she did not feel that it was fair for Brennan to receive a portion of those monies. Edna and Davis believed that if Edna never paid Davis, then Brennan could not receive any of the monies. Based on this testimony, the magistrate concluded that Davis had "willfully and intentionally failed to pay Terry Brennan his share of the $36,000 loan." The magistrate recommended that Davis serve thirty days in the Greene County Jail if she did not forward Brennan's share of the loan to him within fourteen days. The magistrate's decision was approved and adopted by the trial court and expressly "made a FINAL APPEALABLE ORDER."
 {¶ 4} Davis failed to make the payment and was ordered to report to jail to serve the sentence on November 15, 2005. She failed to report and a bench warrant was issued. The bench warrant was recalled when Davis presented evidence that she had not received notice of *Page 3 
the court's prior judgment.
 {¶ 5} In December 2005, Davis filed a motion for relief from judgment. In her motion, Davis contended that "there has never been an obligation for her to pay [Brennan] a part of the $36,000." She claimed that Brennan had been awarded an interest in the loan, but that she had not been ordered to pay him any sum of money related to the loan. Therefore, she claimed that the magistrate had erred in finding her in contempt for failure to pay any amount related to the loan. Brennan opposed the motion on several grounds, including that: 1) the requirements for a Civ. R. 60(B) motion had not been satisfied; 2) Davis was trying to use a Civ. R. 60(B) motion as a substitute for an appeal; and 3) the merits of the magistrate's decision could not be reviewed because Davis had failed to file a transcript of the hearing. Brennan also argued that Davis's obligation to pay him money from the proceeds of the loan was implicit in the trial court's order and that Davis could not avoid satisfying that obligation by failing to ask her mother for the money to which she was entitled.
 {¶ 6} On April 5, 2006, after giving the parties an opportunity to file memoranda, the trial court summarily overruled Davis's motion for relief from judgment. The court "confirmed" its previous orders, including the finding of contempt, and ordered Davis to report to jail.
 {¶ 7} On appeal, Davis asserts that the trial court erred when it found her in contempt, insisting that no order exists requiring her to pay Brennan from the loan proceeds. Thus, she claims that her Civ. R. 60(B) motion for relief from judgment should have been granted. In our view, there is no question that the Final Judgment Entry and Decree of Divorce required Davis to repay Brennan for his share of the loan to her mother. To allow Davis to thwart the court's *Page 4 
order by failing to "request" repayment of the loan when her mother had effectuated the sale from which the loan was to be repaid would make a mockery of the court's order and of its attempt to distribute assets equitably. Davis's attempt to circumvent the court's order and her failure to act in good faith justified the court's finding of contempt.
 {¶ 8} Furthermore, we agree with Brennan's argument that Davis's motion for relief from judgment was not well-founded. In our view, she attempted to use the Civ. R. 60(B) motion to challenge the magistrate's finding that she was in contempt, rather than objecting to that finding and, if unsuccessful, appealing from the judgment overruling her objection. Such a use of Civ. R. 60(B) is not permitted. Banfield v.Brodell, 169 Ohio App.3d 110, 2006-Ohio-5267, 862 N.E.2d 129, at ¶ 11, citing Doe v. Trumbull Cty. Children Servs. Bd. (1986),28 Ohio St.3d 128, 131, 502 N.E.2d 605; Levy v. Thompson, Montgomery App. No. 21052,2005-Ohio-6675. As stated by the court of appeals for Cuyahoga County, "when a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ. R. 60(B) is not available as a substitute for appeal." Manigault v. Ford MotorCo. (1999), 134 Ohio App.3d 402, 412, 731 N.E.2d 236. Such is the situation here.
 {¶ 9} By failing to object to the finding of contempt in the trial court, Davis waived all but plain error. Civ. R. 53(D)(3)(b). We find no plain error. Furthermore, insofar as we have rej ected Davis's argument that "there ha[d] never been an obligation for her to pay [Brennan] a part of the $36,000.00," we must also agree with Brennan's argument that Davis failed to present a "reason justifying relief from judgment under Civ. R. 60(B)(5)."
 {¶ 10} Davis's assignment of error is overruled.
 {¶ 11} The judgment of the trial court will be affirmed. *Page 5 
 BROGAN, J. and DONOVAN, concur. *Page 1