OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Gabrielle, Jennifer and Eric Campbell appeal the September 12, 2006 Judgment Entry of the Muskingum County Court of Common Pleas dismissing their medical malpractice claims against defendant-appellee Robert O. Aepli, M.D.
 STATEMENT OF THE CASE {¶ 2} Appellants originally filed this medical malpractice action on February 10, 2003, alleging Appellee and others committed malpractice during the delivery of Gabrielle Campbell, between August 24, 2002 and August 26, 2002. During discovery in the original action, Plaintiffs medical experts, Harlan R. Giles, M.D. and Stewart Charles Edelberg, M.D., were deposed, testifying Appellee violated the applicable standard of care during the delivery.
 {¶ 3} On July 25, 2005, Appellants voluntarily dismissed that action without prejudice.
 {¶ 4} On July 24, 2006, Appellants commenced the case sub judice as a refiling of the previous action.
 {¶ 5} On August 14, 2006, Appellee filed a motion to dismiss, claiming Appellants' violated Civil Rule 10(D)(2) by failing to attach an affidavit of merit to the refiled complaint. Civil Rule 10(D)(2) became effective on July 1, 2005, after the filing of Appellants' initial complaint but before their refilling of the instant complaint.
 {¶ 6} On August 28, 2006, Appellants filed a memorandum in opposition to the motion to dismiss, and a motion for leave to file first amended complaint, requesting *Page 3 
leave to revise their complaint to include an affidavit of merit from Harlan Giles, M.D. in accordance with Civil Rule 10(D)(2).
 {¶ 7} On September 12, 2006, the trial court, via Judgment Entry, granted Appellee's motion to dismiss.
 {¶ 8} On September 18, 2006, Appellants filed their notice of appeal from the September 12, 2006 Judgment Entry.
 {¶ 9} On October 4, 2006, Appellants filed a motion to vacate or, in the alternative, issue order nunc pro tunc. In addition, Appellants filed a motion for limited remand with this Court on October 6, 2006. Prior to this Court's ruling, however, the trial court denied the motion to vacate on October 12, 2006. Accordingly, Appellants withdrew their motion for limited remand, and filed a second notice of appeal on October 24, 2006. This Court consolidated the appeals.
 {¶ 10} Appellants assign as error:
 {¶ 11} "I. AN ABUSE OF DISCRETION WAS COMMITTED WHEN THE COMMON PLEAS JUDGE DENIED PLAINTIFF-APPELLANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AT THE OUTSET OF THE PROCEEDINGS WITHOUT EXPLANATION.
 {¶ 12} "II. THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, IN APPLYING THE AMENDMENTS TO CIV.R.10(D) RETROACTIVELY AGAINST PLAINTIFFS DESPITE THE SERIOUS INJUSTICE THAT WAS PRODUCED.
 {¶ 13} "III. THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY DISMISSING THIS ACTION FOR FAILURE TO COMPLY WITH CIV.R. 10(D)(2) EVEN THOUGH SUCH A DRASTIC SANCTION IS NOT AUTHORIZED BY THE RULE. *Page 4 
 {¶ 14} "IV. AN ABUSE OF DISCRETION WAS COMMITTED WHEN PLAINTIFFS WERE DENIED A SHORT EXTENSION UNDER CIV.R. 6(B) TO SUBMIT THEIR AFFIDAVIT OF MERIT.
 {¶ 15} "V. BECAUSE EXCUSABLE NEGLECT HAD BEEN ESTABLISHED AND DEFENDANT-APPELLEE HAD FAILED TO DEMONSTRATE THAT HE WOULD BE PREJUDICED, THE TRIAL JUDGE ABUSED HIS DISCRETION BY REFUSING TO VACATE THE FINAL ORDER.
 {¶ 16} "VI. THE TRIAL JUDGE COMMITTED AN ERROR AT LAW BY FAILING TO ISSUE A NUNC PRO TUNC ORDER CLARIFYING THAT THE DISMISSAL OF THE CLAIM WAS WITHOUT PREJUDICE."
 I III {¶ 17} Appellants' first and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 18} Civil Rule 10(D)(2) provides:
 {1J19} "(D) Attachments to pleadings.
 {¶ 20} * * *
 {¶ 21} "(2) Affidavit of merit; medical liability claim.
 {¶ 22} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. The affidavit of merit shall be provided by an expert *Page 5 
witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. The affidavit of merit shall include all of the following:
 {¶ 23} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
 {¶ 24} "(ii) A statement that the affiant is familiar with the applicable standard of care;
 {¶ 25} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
 {¶ 26} "(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit.
 {¶ 27} "(c) An affidavit of merit is required solely to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment."
 {¶ 28} Section (D) of the rule became effective on July 1, 2005. Therefore, the requirement a plaintiff attach an affidavit of merit to the complaint was not in effect on the date of the original filing in this action.
 {¶ 29} The Staff Notes to the rule state:
 {¶ 30} "Civ. R. 10 is amended in response to a request from the General Assembly contained in Section 3 of Sub. H.B. 215 of the 125th General Assembly, *Page 6 
effective September 13, 2004. The act amends and enacts provisions relative to medical, dental, optometric, and chiropractic malpractice actions, and Section 3 contains a request that the Supreme Court adopt a rule that "require[s] a plaintiff filing a medical liability claim to include a certificate of expert review as to each defendant."
 {¶ 31} "Rule 10(D) Attachments to pleadings
 {¶ 32} "Civ. R. 10(D) is retitled and reorganized to reflect the inclusion of a requirement in division (D)(2) that a medical liability complaint include an affidavit of merit concerning the alleged breach of the standard of care by each defendant to the action. Division (D)(2)(a) specifies three items that must be included in the affidavit and sets forth the qualifications of the person providing the affidavit of merit. There may be instances in which multiple affidavits of merit are required as to a particular plaintiff. For example, the plaintiff may find it necessary to provide one affidavit that addresses only the issue of "standard of care" and a separate affidavit that addresses only the issue of injury caused by the breach of the standard of care. Because there may be circumstances in which the plaintiff is unable to provide an affidavit of merit when the complaint is filed, division (D)(2)(b) of the rule requires the trial court, when good cause is shown, to provide a reasonable period of time for the plaintiff to obtain and file the affidavit. For example, "good cause" may exist in a circumstance where the plaintiff obtains counsel near the expiration of the statute of limitations, and counsel does not have sufficient time to identify a qualified health care provider to conduct the necessary review of applicable medical records and prepare an affidavit. Similarly, the relevant medical records may not have been provided to the plaintiff in a timely fashion. Further, there may be situations where the medical records do not reveal the names of all of the *Page 7 
potential defendants and so until discovery reveals those names, it may be necessary to name a "John Doe" defendant. Once discovery has revealed the name of a previously unknown defendant and that person is added as a party, the affidavit of merit would then be required as to that newly named defendant. Under these or similar circumstances, the court must afford the plaintiff a reasonable period of time, once a qualified health care provider is identified, to have the records reviewed and submit an affidavit that satisfies the requirements set forth in the rule. Division (D)(2)(c) provides that an affidavit of merit is intended to establish the sufficiency of the complaint filed in a medical liability action and specifies that an affidavit of merit is not otherwise admissible as evidence or for purposes of impeachment."
 {¶ 33} Initially, we note, at the time Appellant's filed the original action, Civil Rule 11 provided "pleadings need not be verified or accompanied by affidavit." Prior to the dismissal of the original action, plaintiffs experts had been deposed by the parties.
 {¶ 34} The standard of review for a Civ.R. 12(B)(6) motion is consistent with Civ.R. 15(A), which allows a pleader to rectify a poorly pleaded complaint. If a motion for failure to state a claim is sustained, "leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect." Jordan v. Cuyahoga Metro. Hous. Auth. (2005),161 Ohio App.3d 216.
 {¶ 35} "Civ.R. 15(A) provides that the court must freely give leave to amend a complaint when `justice so requires.' This is because the spirit of the Civil Rules contemplates the resolution of cases on their merits and not on pleading deficiencies. The denial of leave to amend a complaint rests in the discretion of the trial court. Where, *Page 8 
however, `it is possible that the plaintiff by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended complaint is an abuse of discretion." Elder v. Fischer (1998), 129 Ohio App.3d 209.
 {¶ 36} In Peterson v. Teodosio (1973), 34 ohio St.2d 161, the Supreme Court stated:
 {¶ 37} "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied `to effect just results.' Pleadings are simply an end to that objective. The mandate of Civ.R. 15(A) as to amendments requiring leave of court, is that leave `shall be freely given when justice so requires.' Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion. We observe no good reason why leave should have been denied in this case, and therefore hold that the overruling of the motion for leave to amend constituted prejudicial error."
 {¶ 38} With regard to the retroactivity of the rule change, Civil Rule 86(BB) provides:
 {¶ 39} "(BB) Effective date of amendments.
 {¶ 40} "The amendments to Civil Rules 3, 10, 34, 36, 42, 45, 47, and 51 filed by the Supreme Court with the General Assembly on January 14, 2005 and revised and *Page 9 
refiled on April 20, 2005 shall take effect on July 1, 2005. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies."
 {¶ 41} While the instant action was not pending at the time the section went into effect, based upon the case law set forth above, the trial court should have freely granted leave to Appellants to amend their complaint to comply with Civil Rule 10(D). Appellant's timely sought leave, and demonstrated good faith in failing to comply with the rule. Ohio law clearly favors the trial court deciding the case on its merits, and Civil Rule 10(D) above does not require the dismissal of the complaint for failure to comply with the rule. Rather, the civil rules clearly provide for curing by granting leave to file an amended complaint.
 {¶ 42} Similar cases have analyzed the failure to attach documents pursuant to Civil Rule 10. In Calloway v. Calloway 2002-Ohio-904, this Court held:
 {¶ 43} "Appellee's motion to dismiss specifically recites Civ.R. 12(B)(6) as its grounds. We find no basis to deviate from the Supreme Court's clear language in Freeman based on the record before us. See, also, Paden v. Miller (July 3, 2000), Guernsey App. No. 00CA11, unreported. Appellee responds in the alternative that dismissal was nonetheless warranted based upon the failure to attach a copy of the parties' prenuptial agreement to the original complaint (see Civ.R. 10(D)). However, Civ.R. 10(D) does not expressly require the dismissal of a complaint which does not comply with the rule, and such defects may be cured by less drastic means. See Point *Page 10 Rental Co. v. Posani (1976), 52 Ohio App.2d 183, 368 N.E.2d 1267. We conclude the trial court committed error by permitting the defense of res judicata to be successfully raised by a motion to dismiss under Civ.R. 12(B)(6)."
 {¶ 44} Further, in State Farm Mut. Auto Ins. Co. v. Loken, this Court held:
 {¶ 45} "Civ.R. 10(D) requires that a copy of a written instrument be attached to a complaint when a claim is based on that writing. Nonetheless, the failure of a complainant to attach a copy does not subject that claim to dismissal under Civ.R. 12(B)(6). On the contrary, the proper procedure is to move for a more definite statement under Civ.R. 12(E). See Point Rental Co. v. Posani, 52 Ohio App.2d at 186,52 Ohio App.2d 183, 368 N.E.2d 1267; Landskroner v. Landskroner (2003),154 Ohio App.3d 471, 491-92, 2003-Ohio-4945 at ¶ 57, 797 N.E.2d 1002, 1018. A defendant who fails to file a Civ.R. 12(E) motion before filing his answer has waived his right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint. Id.; See also, McCamon-Hunt Ins.Agency v. Medicial Mutual of Ohio (March 11, 2003), 7 Dist. No. 02 CA 23, 2003-Ohio-1221; Glenwood Homes, Ltd. v. State Auto Mut. Ins.Co. (Oct. 1, 1998), 8th Dist. No. 72856, at 5.
 {¶ 46} "In the case at bar, appellant did not move for a more definite statement prior to requesting the court dismiss the complaint for failure to comply with Civ. R. 10(D). Appellant has further failed to demonstrate how he has been prejudiced by not having a copy of the subrogation agreement. The trial court did not err in overruling appellant's motion to dismiss for failure to comply with Civ. R. 10(D)."
 {¶ 47} Upon review of the record, Appellants filed their motion for leave to file first amended complaint, requesting leave to revise their complaint to include an affidavit of *Page 11 
merit from Harlan Giles, M.D. on August 28, 2006, within two weeks of Appellee's motion to dismiss. The refiled complaint was filed on July 24, 2006.
 {¶ 48} Civil Rule 6(B) provides:
 {¶ 49} "(B) Time: extension
 {¶ 50} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them."
 {¶ 51} A court abuses its discretion when it imposes the extreme and drastic sanction of dismissal in the absence of irresponsible, contumacious, dilatory or grossly negligent conduct; where a range of sanction is available, the most drastic must be reserved for flagrant situations. Goehringer v. Cuyahoga County Welfare Department (Nov. 17, 1983), 8th Dist. No. 46700. See Ward v Hester (1973), 36 Ohio St.2d 38; American Housing Corp. v. Rhoades (1981),1 Ohio App.3d 130; Schreiner v. Karson (1977), 52 Ohio App.2d 219.
 {¶ 52} Recently, the Seventh District Court of Appeals found a plaintiffs failure to attach the affidavit of merit required by Civ. Rule 10(D) in a medical malpractice action to be excusable neglect, where the rule was enacted just prior to the filing of the *Page 12 
complaint and plaintiffs attorney was not aware of the requirement, despite diligent research. Bainfield v. Brodell 2006-Ohio-5267,169 Ohio App.3d 110.
 {¶ 53} Based upon the foregoing, the trial court abused its discretion in denying appellant's leave to amend their refiled complaint. The record demonstrates leave was requested in the early stages of the proceedings, and Appellee's would not have been prejudiced by the court's allowing Appellant's to amend their complaint and proceeding with the case on the merits. It is undisputed the refiled complaint was sufficient, except for the lack of the affidavit. Appellants timely and in good faith sought leave to amend their refiled complaint to comply with Civil Rule 10(D)(2), and Appellee would not have incurred prejudice as he had knowledge of the experts' testimony from the depositions taken in the original action. Under the unique facts of this case, the trial court abused its discretion in not granting the requested leave to file the amended complaint.
 {¶ 54} Appellant's first and third assignments of error are sustained.
 II, IV, V {¶ 55} Based upon our analysis and disposition of Appellants' first and third assignments of error; we find the second, fourth and fifth assignments of error moot. *Page 13 
 {¶ 56} The September 12, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.
 By: Hoffman, P.J. Edwards, J. and Delaney, J. concur *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 12, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law, this opinion and our opinion in Case No. CT06-0063. Costs to appellee. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 12, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law, this opinion and our opinion in Case No. CT06-0069. Costs to appellee. *Page 1