OPINION
{¶ 1} John Maguire appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed, with prejudice, his complaint for breach of contract, wrongful eviction, and theft of property. For the following reasons, the judgment of the trial court will be affirmed in part, reversed in part, and remanded for further proceedings. *Page 2 
 {¶ 2} On March 8, 2007, Maguire brought suit against National City Bank, alleging that the bank had breached a contract regarding his purchase of real property located at 2243 Titus Avenue in Dayton, Ohio. According to Maguire's complaint, Maguire resided at the Titus Avenue property, which was owned by Lyle Wheeler. In 2003, National City Bank foreclosed on the property, and Maguire entered into a written contract with Wheeler to purchase the property. Because the contract price would not satisfy the entire mortgage loan ("a short sale"), Maguire also negotiated the purchase with National City Bank's loss mitigation unit. Maguire alleges that he entered into a contract with National City Bank whereby Maguire would purchase the property for $34,500, and that National City Bank employees repeatedly assured him that he had a valid contract. Maguire tendered valuable consideration in furtherance of his contract.
 {¶ 3} Maguire alleges that, in June 2003, National City Bank decided to breach the short sale contract and repeatedly delayed closing on the property. The bank allegedly informed Maguire that certain releases from Wheeler were required prior to closing. In late September 2003, Maguire opened a "closing account" with a local title company and demanded that National City Bank agree to close on the contract.
 {¶ 4} On October 1, 2003, however, Maguire was arrested and incarcerated on charges unrelated to the property. Despite his incarceration, Maguire contacted the bank and continued to demand that they close on the real estate contract. The closing did not occur. In November 2003, National City Bank allowed the sale of the property to another party.
 {¶ 5} In his lawsuit, Maguire alleged that National City Bank breached the short sale contract, costing him $70,000 in lost value of the property. Maguire further alleged that, *Page 3 
because the property was sold to a third party, he was wrongfully evicted from the property, causing damages of $50,000. In addition, Maguire alleged that, after the sale to a third party, his personal property at the residence was stolen because he was incarcerated and could not protect his belongings. Maguire sought $20,000 for his lost property. Maguire alleged that National City Bank's failure to sell the property to him rendered it responsible for his eviction and loss of property. Maguire sought punitive damages of $280,000. Maguire attached to his complaint a copy of correspondence that he had sent to National City Bank's attorneys regarding his claim.
 {¶ 6} On April 4, 2007, National City Bank filed a motion to dismiss Maguire's complaint, pursuant to Civ.R. 12(B)(6). With respect to the breach of contract claim, National City Bank argued that Maguire had not alleged the existence of a written contract between himself and National City Bank and that Maguire had not partially performed the contract with the bank because he did not tender any payment to National City Bank. National City Bank also asserted that Maguire failed to state claims for wrongful eviction and theft of property, because the bank did not have a landlord-tenant relationship with Maguire.
 {¶ 7} In Maguire's April 17, 2007 response to the motion to dismiss,[1] Maguire argued that his complaint did not allege that an oral contract existed, and he insisted that the loss mitigation department entered into a written contract with him. As for his wrongful eviction and theft claims, Maguire acknowledged that "this may be the most tenuous of his positions." However, he argued that, "[t]o put the Plaintiff back in the same position he was in before the *Page 4 
breach of contract[,] the theft of property and wrongful eviction must be considered."
 {¶ 8} On May 1, 2007, the trial court sustained National City Bank's motion to dismiss. The court reasoned:
 {¶ 9} "Plaintiff has failed to state any claim upon which relief may be granted. First, Plaintiff alleged that Defendants[2] breached a land sale contract yet has presented no writing memorializing the agreement as required by the Statute of Frauds. While Plaintiff asserts that Defendants make a `false assumption that Plaintiff alleges an oral contract,' Plaintiffs complaint does not reference any written contract exists whatsoever. Second, Plaintiff s claims for theft of property and wrongful eviction relate to his alleged lease with the mortgagor, not with Defendants as mortgagee. Referencing only the complaint, as required in deciding a motion to dismiss, Plaintiff has presented no actionable claim for relief. Therefore, Defendants' motion to dismiss must be granted."
 {¶ 10} In his sole assignment of error on appeal, Maguire claims that the trial court erred in dismissing his complaint with prejudice.
 {¶ 11} "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. In order to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. O'Brien v. University Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753 at syllabus. The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, *Page 5 
and make all reasonable inferences in favor of the plaintiff.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753. We review de novo the trial court's granting of a Civ.R. 12(B)(6) motion to dismiss." Grover v. Bartsch, 170 Ohio App.3d 188,2006-Ohio-6115, 866 N.E.2d 547, ¶ 16.
 {¶ 12} First, Maguire asserts that the trial court erred in dismissing his claim for breach of contract. He argues that he did not characterize his contract with National City Bank as an oral contract, and he asserts that he was not required to include the contract with his complaint. Maguire contends that he and National City Bank entered into a written contract and, consequently, the trial court erred when it relied on the statute of frauds to dismiss that claim.
 {¶ 13} The statute of frauds is codified in R.C. 1335.05, which provides:
 {¶ 14} "No action shall be brought whereby to charge the defendant, upon a * * * contract or sale of lands, tenements, or hereditaments, or an interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 15} "The statute of frauds is essentially an evidentiary rule the purpose of which is to protect the integrity of certain enumerated contractual transactions. The statute requires these transactions be in writing or accompanied by a memorandum witnessing the transaction.Lacy v. Adair (Nov. 22, 1989), Greene App. No. 89-CA-18." Stickney v.Tullis-Vermillion, 165 Ohio App.3d 480, 2006-Ohio-842, 847 N.E.2d 29, ¶ 22. "If a contract falling under the statute of frauds is not properly memorialized in a signed writing, the effect of the statute is to render an otherwise valid contract unenforceable." Beaverpark Assocs. v. LarryStein Realty Co. (Aug. 30, *Page 6 
1995), Montgomery App. No. 14950. A contract to purchase real estate, which Maguire has alleged, falls squarely within the statute of frauds.
 {¶ 16} Maguire's complaint alleges that he entered into a contract to purchase real property from Wheeler and National City Bank. The complaint does not specify whether the contract was oral or written. The complaint further alleges that Maguire was repeatedly assured by bank employees that a vice president at National City Bank had accepted his offer and that the contract to purchase the property was valid. Although National City Bank and the trial court apparently construed these allegations as alleging an oral contract, these allegations do not require that conclusion. Construing the complaint in the light most favorable to Maguire, the complaint may be interpreted as alleging a valid written contract. Accordingly, upon review of the complaint, we conclude that Maguire has set forth facts that may entitle him to relief.
 {¶ 17} Moreover, we have stated that "[t]he defense of the Statute of Frauds is a fact-sensitive affirmative defense that is riddled with qualifications and exceptions. It may often be appropriate for consideration in connection with a motion for summary judgment when the facts material to it are not seriously in dispute. It is not an appropriate basis for dismissal of a complaint pursuant to Civ.R. 12(B)." Hodges v. Byars (May 28, 1992), Montgomery App. No. 12839; see, also, Fioretti v. Lottery Channel, Inc. (Mar. 20, 1998), Hamilton App. Nos. C-970320, C-970321 ("An affirmative defense * * * is not the proper subject of a motion to dismiss, but must be pleaded and proven by the party asserting the defense.").
 {¶ 18} Maguire is incorrect, however, that he was not required to attach the purchase contract to his complaint. Civ.R. 10(D)(1) provides that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument *Page 7 
must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Accordingly, under Civ.R. 10(D), when a claim for breach of contract is based on a written contract, that contract must be attached to the complaint or its absence must be explained in the complaint.
 {¶ 19} Maguire failed to attach a copy of his contract with National City Bank, and the reason for its absence is not explained in the complaint. However, Civ.R. 10(D) does not expressly require the dismissal of a complaint which fails to attach the required document.Hodges, supra; Campbell v. Aepli, Muskingum App. Nos. CT06-0069, CT06-0063, 2007-Ohio-3688, ¶ 43. Such a defect may be cured by less drastic means than dismissal. Campbell at ¶ 43; Natl. Check Bur. v.Buerger, Lorain App. No. 06CA8882, 2006-Ohio-6673, ¶ 12;McCamon-Hunt Ins. Agency, Inc. v. Medical Mut. of Ohio, Mahoning App. No. 02 CA 23, 2003-Ohio-1221 (a violation of Civ.R. 10(D) "is not a basis for relief under Civ.R. 12(B)(6)). We note that several courts have stated that the "proper procedure in attacking the failure of a plaintiff to attach a copy of a written instrument * * * is to serve a motion for a definite statement pursuant to Civ.R. 12(E)." Point RentalCo. v. Posani (1976), 52 Ohio App.2d 183, 186, 368 N.E.2d 1267;Fletcher v. Univ. Hosps. of Cleveland, — Ohio App.3d-, 2007-Ohio-2778, — N.E.2d-, ¶ 9. Maguire's failure to attach his contract with National City Bank to his complaint did not provide a basis for dismissal of his breach of contract claim with prejudice. Accordingly, the trial court erred when it dismissed that claim.
 {¶ 20} Second, Maguire claims that the trial court erred in dismissing his claims for wrongful eviction and theft of property. On appeal, Maguire does not address the trial court's bases for dismissal of his second and third causes of action. Rather, he states that "his *Page 8 
complaint states facts which are so totally reprehensible, and that the Appellees have been so fraudulent, reckless and indifferent, that the Appellees should not be shielded from actual or punitive damages that may not ordinarily be allowed in a breech [sic] of contract action. For this reason and the fact that the Appellant's damages were readily foreseeable by the Appellee, the Appellant's second and third causes of action should also proceed to trial."
 {¶ 21} In his second cause of action, Maguire alleged that, after the property was sold to a third party and while he was incarcerated, his personal belongings were stolen from his residence on the property. Although Maguire asserts that this would not have occurred but for National City Bank's failure to complete the purchase of the property to him, Maguire does not allege that National City Bank itself stole any property. In our view, the relationship between the sale of property to a third party and the loss of Maguire's personal property is too tenuous, as a matter of law, to state a claim against National City Bank for the loss. The trial court did not err in concluding that Maguire failed to state a claim for theft of personal property upon which relief may be granted.
 {¶ 22} In his third cause of action, Maguire alleged that National City Bank is responsible for his alleged wrongful eviction. He asserts that National City Bank allowed a third party to purchase the property and, as a result, he was evicted from the premises and another individual rented the residence. Maguire does not allege that National City Bank was his landlord, and the factual allegations in the complaint, as reasonably construed in Maguire's favor, do not support the conclusion that National City Bank and Maguire had a landlord-tenant relationship. Accordingly, the trial court properly concluded that Maguire failed to state a claim against National City Bank for wrongful eviction. *Page 9 
 {¶ 23} The assignment of error is sustained in part and overruled in part.
 {¶ 24} The judgment of the trial court is affirmed to the extent that it dismissed the claims for wrongful eviction and theft of property. The judgment of the trial court is reversed to the extent that it dismissed the breach of contract claim, and the matter is remanded to the trial court for further proceedings on that claim.
BROGAN, J. and DONOVAN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Maguire initially filed an opposition memorandum on April 4, 2007. This memorandum indicated that he required "adequate time in order to research issues and fully [b]rief his opposition to the Defendant's motion." Maguire also requested oral argument on the motion to dismiss.
[2] In addition to National City Bank, Maguire also brought suit against Does 1-100. *Page 1