THE STATE OF OHIO, APPELLEE, *v.* AYERS, APPELLANT.

(No. 5761—Decided May 11, 1966.)

*Mr. James V. Barbuto,* prosecuting attorney, and *Mr. Arthur Snell,* for appellee.
*Mr. Chas. M. Kelly,* for appellant.

HUNSICKER, J.   An appeal on questions of law has been lodged in this court from a judgment entered on the verdict of a jury.  That judgment found the defendant, Handsome Ayers, appellant herein, guilty on both counts of a two-count indictment charging Ayers with armed robbery.

There are six assignments of error claimed by counsel for Ayers.  Only one of such claims need be discussed by us, that is the claim that the second count of the indictment does not state a crime under the laws of Ohio.

The second count of the indictment, omitting the formal parts thereof, reads as follows:

"* * * that Handsome Ayers, in the County of Summit and State of Ohio, on or about the 6th day of July A. D. 1965, unlawfully and by force and violence or by putting in fear did rob Shirley Brannock of certain money of the amount and value of Two HUNDRED DOLLARS ($200.00), belonging to and being the personal property of '21' Bar, while he, the said Handsome Ayers, was then and there armed with a certain dangerous weapon, to wit: A PISTOL, in violation of Section 2901.13 of the Revised Code of Ohio * * *."

It is insisted here that the fact the personal property was

claimed to be the property of the "21 Bar" makes the indictment a nullity, even though it is also alleged in that count of the indictment that money was taken from one Shirley Brannock.

Is it necessary that whatever money is taken in an armed robbery be the property of the one from whom it is taken? An examination of the indictment shows the money to have been, in effect, taken from the person of one Shirley Brannock. See: *Salzer* v. *Maxwell, Warden,* 173 Ohio St. 573.

The statute under which the indictment was returned by the grand jury, Section 2901.13, Revised Code, has no requirement that the thing of value taken must be alleged to be the property of anyone. As long as the other ingredients of the statute are present, it makes no difference to whom the "anything of value" belonged. The inclusion of the owner's name in the indictment, even though such owner is neither a corporation nor a natural person, does not invalidate the indictment

We have examined all the claims of error and find none prejudicial to the substantial rights of the appellant. The judgment must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.