KATKO, Appellee,

v.

MODIC, Appellant.

[Cite as *Katko v. Modic* (1993), 85 Ohio App.3d 834.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–084.

Decided April 2, 1993.

*John P. O'Donnell,* for appellee.

*John Hawkins,* for appellant.

---

Ford, Presiding Judge.

This accelerated calendar case comes from the Lake County Court of Common Pleas. Appellant timely appeals the trial court's judgment denying his motion to set aside default judgment and for leave to file an answer instanter.

On September 6, 1991, appellee inadvertently filed a complaint against appellant in the Cuyahoga County Court of Common Pleas, rather than in Lake County. Though the record itself does not indicate the reason for appellee's mistake, appellee contends that upon discovery of this inadvertence, he filed a voluntary dismissal on September 10, 1991. On September 11, 1991, a complaint for assault, battery, and negligence involving these parties was properly filed in the Lake County Court of Common Pleas.

On October 30, 1991, after appellant failed to plead or otherwise respond in the time period provided by the Ohio Rules of Civil Procedure, a motion for default judgment was filed by appellee. Appellant alleges that he incorrectly assumed the notice for request for entry of default referred to the case which had been dismissed. Thus, he ignored the notice.

A hearing on the motion was held on December 11, 1991, before referee John C. Brice, and on January 9, 1992, the referee's report was filed with a recommendation to enter judgment for appellee in the amount of $25,000. On January 27, 1992, a judgment entry was filed incorporating the referee's report and ordering a default judgment in the amount of $25,000. On February 12, 1992, appellant filed his motion to set aside the default judgment, which was denied in an entry filed May 5, 1992.

Appellant assigns the following as error:

"1. The court erred when it denied defendant/appellant's motion to set aside this default.

"2. The court erred when it adopted the referee's report without first providing defendant/appellant an opportunity to object to the referee's report."

We note by way of prologue that appellant's brief does not comply with either our local rules or the Ohio Appellate Rules. App.R. 16(A)(3) requires that appellant's brief contain "[a] statement of the assignments of error presented for review." Loc.R. X(B) and (C) also state that a brief shall consist of a table of contents and assignments of error, and that the issues set forth in the "argu-

ment" section under each assignment shall be organized according to the table of contents.

Appellant, however, has not set forth actual assignments of error in either the table of contents, or in the body of his argument. Rather, he merely sets forth points "A" and "B" under the "argument" section.

We caution counsel that such a failure to comply with our rules may result in his brief being stricken on motion or *sua sponte*, and/or in the dismissal of his appeal without prior notice. See Loc.R. X(E).

■ As to the first issue under appellant's "argument," he maintains that because he has no legal training, and was not represented by counsel at the time of the default proceedings, his responsibility for responding to the legal documents and notices should be excused due to his ignorance of the law. Accordingly, he asserts that his inaction in not responding to any motions or documents amounts to "excusable neglect" under Civ.R. 60(B)(1).

As stated in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus:

"To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."

Appellee does not contend that appellant failed to demonstrate that he had a meritorious defense to present if relief was granted, or that he failed to demonstrate that the motion was filed within a reasonable time. Specifically, appellee contends that appellant did not demonstrate "excusable neglect" under Civ.R. 60(B)(1).

■ What constitutes "excusable neglect" depends on the facts and circumstances of each case. The concept of "excusable neglect" is a remedial rule and is to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." *Blankenship v. Honda/Isuzu* (Mar. 27, 1987), Portage App. No. 1669, unreported, at 3, 1987 WL 9128, citing *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 18 O.O.3d 442, 416 N.E.2d 605. Also, *GTE* states that neglect is not "excusable" when it constitutes "a complete disregard for the judicial system and the rights of the appellee." *Id.*, 47 Ohio St.2d at 153, 1 O.O.3d at 90, 351 N.E.2d at 117.

Appellant cites the *Blankenship* case in support of his position. However, the situation in *Blankenship* is not on all fours with the instant case. The defendant in *Blankenship* answered the complaint against him, and the case was set for trial. However, the defendant failed to appear at trial. He had apparently forgotten to mark down the date on his calendar. Upon realizing his error, he called the court to explain his oversight. In affirming the trial court's granting of the motion for relief from judgment, we stated that "the neglect of [defendant] did not constitute a complete disregard for the judicial system and the rights of the appellant." *Id.* at 4, 1987 WL 9128.

The case at bar, however, contains a slightly different set of facts from those contained in *Blankenship*. The instant case comports very closely with *Associated Estates, Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417. In *Fellows*, the defendant, a responsible businessman, failed to plead or otherwise respond despite his admitted receipt of the complaint. He claimed that he did not appreciate the significance of the court documents. He also claimed that the office of opposing counsel misrepresented their intended actions. The Eighth District Court of Appeals overruled appellant's claims, stating that "[t]he neglect of an individual to seek legal assistance after being served with court papers is not excusable." *Id.* at 116, 11 OBR at 170, 463 N.E.2d at 421.

Though the record in the case at bar does not reveal what knowledge appellant possesses of legal matters such as these, we do not place undue emphasis on his status in this regard. Our position reflects the principle expressed in *Colley v. Bazell, supra,* which stands for the proposition that the experience and understanding of the defendant with respect to litigation matters is a relevant consideration *but not a decisive one.* Thus, that appellant is allegedly a mere "layman" is not a decisive factor in his favor.

A review of the record reveals that the Cuyahoga County complaint was dismissed on September 10, 1991, and that appellant understood this to be a final, dispositive act with respect to that case. The motion for default judgment in the case at bar was filed on October 30, 1991, over a month after the Cuyahoga County case was dismissed.

If appellant understood enough about the dismissal in the Cuyahoga County case to comprehend that the case was disposed of, he should have been suspicious about the ongoing nature of the instant case when he received notice of the motion for default judgment. Common sense dictates that this action was still going forward.

■ In order to prevail on this issue, appellant must demonstrate that the court abused its discretion by denying his Civ.R. 60(B) motion. See *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 7 O.O.3d 5, 371 N.E.2d 214. The record

reflects that appellant provided the court with an affidavit in support of his motion to set aside the default judgment. Also, appellee provided the court with a brief in opposition to the motion. The record further indicates that the court carefully considered these documents and the facts adduced from the record, and properly concluded that appellant's shortcomings did not fall within the purview of Civ.R. 60(B). Thus, appellant's "argument" on this issue is overruled.

Appellant's second issue concerns whether the court erred when it adopted the referee's report, which had allegedly not been filed with the clerk, or mailed to appellant in accordance with Civ.R. 53(E)(1). Though it is not pivotal to our analysis of this issue, we note that the record is unclear as to whether appellant was served with copies of the report, although it does clearly reflect that the report was indeed filed with the clerk on January 9, 1992.

█ Despite the lack of clarity in the record as to whether the report was actually served on appellant, his contention has no merit. First, appellant failed to raise this issue in his original Civ.R. 60(B) motion for relief from default. Hence, since the alleged error was not brought to the attention of the court by objection or otherwise, it is waived and may not be raised in this appeal. See *Snyder v. Stanford* (1968), 15 Ohio St.2d 31, 44 O.O.2d 18, 238 N.E.2d 563; *Oney v. Needham* (1966), 6 Ohio St.2d 154, 35 O.O.2d 223, 216 N.E.2d 625; and *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630.

█ Second, even if the issue had not been waived, there is simply no basis, either in Civ.R. 53, Civ.R. 58, Civ.R. 60, or in case law that supports appellant's contention that failure to mail copies of the referee's report is sufficient grounds to sustain a motion for relief from judgment. Based on the foregoing, we conclude that appellant's "arguments" (assignments of error) are without merit. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.