DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, J. Bowers Construction, Inc. ("Bowers"), appeals from the decision of the Summit County Court of Common Pleas denying its Civ.R. 60(B) motion for relief from judgment following the entry of a default judgment. We affirm.
Appellee, John Curry ("Curry"), filed a complaint against Bowers and Western Reserve Group. Curry alleged that Bowers, a construction company, negligently damaged his furnace and that Western Reserve Group had breached its home owner's insurance contract. Although service of the complaint to Bowers was completed, it failed to answer or respond to the complaint. Subsequently, Curry voluntarily dismissed all claims against Western Reserve Group. Curry filed for default judgment against Bowers. The trial court granted default judgment and entered judgment against Bowers. Bowers filed a motion for relief from judgment, pursuant to Civ.R. 60(B), to which Curry did not respond. The trial court denied the motion without a hearing. Bowers timely appealed raising one assignment of error for review.
Before addressing the merits of the appeal, we note that Curry never filed an appellate brief. Therefore, this Court assumes that the facts as stated in Bowers' appellate brief are true, and this Court's judgment is based on the facts as stated. App.R. 18(C).
 ASSIGNMENT OF ERROR The trial court erred in denying Appellant's motion for relief from judgment.
In its sole assignment of error, Bowers argues that the trial court erred in denying its motion for relief from judgment. Bowers contends that the trial court erred in finding that it failed to set forth grounds as enumerated in Civ.R. 60(B)(1) and (5). Bowers has alternatively argued that the trial court erred in failing to hold a hearing before it denied the motion. We disagree.
A trial court's ruling denying a motion for relief from judgment will not be disturbed on review absent a showing of an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and,
 (3) the motion is made within a reasonable time, and, where grounds for relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. See Gaines SternCo., L.P.A. v. Schwarzwald, Robiner, Wolf Rock Co., L.P.A. (1990),70 Ohio App.3d 643, 646. However, if the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing. U.A.P.Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293, 294-95. On the other hand, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing. Bates Springer,Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 228.
In this case Curry hired Bowers to perform repairs on his house after it was damaged by a fire. Curry alleged that Bowers negligently damaged his furnace. Bowers submitted the affidavit of Robert Motz ("Motz"), a representative of Bowers, with its motion for relief from judgment. In the affidavit Motz stated that Curry's furnace was not damaged in the fire, nor was it damaged by any of the employees of Bowers. He stated that the furnace was merely old, and no longer worked. Bowers also submitted an invoice from Wright Heating Air Conditioning, Inc., a subcontractor of Bowers, dated approximately one week after that fire, which indicated that the furnace was in poor condition and that the Currys should consider replacing it. According to Motz, Bowers did nothing more than provide the Currys with an estimate as to the cost to replace the furnace. An affidavit of David Browning of Western Reserve Group, the carrier of the Curry's home owner's insurance policy, stated that Browning supervised the adjusting of the property damage claim. Browning stated that he told the Curry's attorney that he was unaware of any evidence that the fire had damaged the furnace.
We find, based upon the affidavits and supporting documentation that Bowers has submitted material of evidentiary quality supporting its Civ.R. 60(B) motion. Thus, Bowers has alleged operative facts which would support a meritorious defense to the judgment. Additionally, it is undisputed that Bower's motion was timely. Therefore, the sole remaining issue is whether Bowers has alleged operative facts which would support one of the grounds for relief under Civ.R. 60(B)(1) through (5).
Pursuant to Civ.R. 60(B)(1), Bowers maintains that its action constitutes excusable neglect because (1) the complaint was frivolous and, therefore, Bowers did not feel that there was any reason to respond to the complaint; and (2) Motz was not a lawyer and did not understand the importance of responding to a complaint.[1]
According to Civ.R. 60(B)(1), relief from judgment may be granted for "mistake, inadvertence, surprise or excusable neglect." What constitutes excusable neglect is determined from all the surrounding facts and circumstances. See Miami Sys. Corp. v. Dry Cleaning Computer Sys., Inc.
(1993), 90 Ohio App.3d 181, 185. Conduct which "reveals a complete disregard for the judicial system and the rights of the [other party]" is not excusable neglect. GTE, 47 Ohio St.2d at 153. Any lack of familiarity with the judicial system as a lay person is not a decisive factor in determining excusable neglect where the circumstances should have alerted one to the need to act promptly. See Katko v. Modic (1993),85 Ohio App.3d 834, 838.
Here, there was no mistake, inadvertence, surprise or excusable neglect. Bowers admitted service and notice of the complaint, but failed to answer. Motz made a conscious decision not to answer Curry's complaint. Such conduct amounts to neither mistake, inadvertence, surprise nor excusable neglect as contemplated in Civ.R. 60(B)(1). See,e.g., La Pointe v. Ohio Freight Forwarders (Nov. 13, 1991), Summit App. No. 15083, unreported, at 5-6. Accordingly, the trial court did not abuse its discretion in denying Bowers' motion for relief from judgment pursuant to Civ.R. 60(B)(1).
Bowers also maintains that it should be entitled to relief from judgment under the catch-all provision of Civ.R. 60(B)(5) which provides, "any other reason justifying relief from the judgment." Specifically, Bowers argues that Curry obtained his judgment against Bowers through fraudulent means since there was "[a] total lack of any legal obligation to [Curry.]"
Fraud upon the court can constitute grounds for relief under Civ.R. 60(B)(5). Coulson v. Coulson (1983), 5 Ohio St.3d 12, paragraph one of the syllabus. However, the Ohio Supreme Court in Coulson, found that when the alleged fraud occurred between parties, Civ.R. 60(B)(3) is the only ground upon which a party can seek subsequent relief from judgment. Id. at 15. Fraud upon the court, within the purview of Civ.R. 60(B)(5), is limited to "fraud connected with the presentation of a case to a court * * * [w]here an officer of the court, e.g., an attorney * * * actively participates in defrauding the court[.]" Id. Without passing on whether the alleged actions by Curry constituted fraud in any respect, we find that Bowers does not allege facts amounting to a fraud upon the trial court. Therefore, the trial court did not abuse its discretion in denying Bowers' motion for relief from judgment pursuant to Civ.R. 60(B)(5).
We conclude that Bowers did not demonstrate that relief was warranted for excusable neglect pursuant to Civ.R. 60(B)(1) or for fraud on the court pursuant to Civ.R. 60(B)(5). As a result, the trial court properly denied the motion without a hearing. Accordingly, Bowers' assignment of error is not well-taken.
Bowers' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., BAIRD, J., CONCUR
[1] The record and Bowers' brief are unclear as to the specific position Motz held at Bowers. However, the brief states that he made the decision on behalf of Bowers not to respond to the complaint.