OPINION.
{¶ 1} Appellants, Margaret E. Huegel ("appellant Huegel") and Dana M. Savric ("appellant Savric"), appeal from the March 29, 2002 judgment entry of the Trumbull County Court of Common Pleas, denying appellants' motion to vacate the earlier judgment entry which granted the motion for summary judgment of appellees, Trumbull Memorial Hospital, Forum Health Corporation, Forum Health Service Company, Forum Health Holding Company, and Ronald Gore.
 {¶ 2} On September 8, 2000, appellants filed a complaint for slander against appellees. On November 3, 2000, appellees filed an answer as well as a motion to consolidate, which was granted on June 11, 2001. On September 28, 2001, appellees filed a motion for summary judgment, which was granted on December 19, 2001. On December 28, 2001, appellants filed a motion for relief from judgment or order pursuant to Civ.R. 60(B). On January 14, 2002, appellees filed a response to appellants' motion to vacate judgment. On March 29, 2002, appellants' motion to vacate the prior entry was denied.
 {¶ 3} The facts of the case are as follows: appellant Huegel was employed part-time by appellees since August 16, 1993, as a distribution clerk. Appellant Savric was employed full-time by appellees since August 6, 1983, as a distribution technician. Appellants were members of Ohio Council 8 and Local 2804 of the American Federation of State, County and Municipal Employees. Therefore, the terms and conditions of appellants' employment were governed by a negotiated collective bargaining agreement, which contains grievance and mandatory arbitration provisions.
 {¶ 4} Problems in the employment relationship ensued between appellants and appellees. Appellees became aware of allegations that appellant Huegel harassed and intimidated a co-worker, Joyce Tanase ("Tanase"), as well as insulted two other co-workers, Cynthia Sawyer ("Sawyer") and Joe DiSario ("DiSario"), which she denied. Also, appellant Huegel was permitted two fifteen minute paid breaks per shift, as were the other employees in similar positions. Appellant Huegel believed that if she worked through a break, she was entitled to add fifteen minutes to her time sheet, which she did on a regular basis. On January 25, 2000, appellees contended that appellant Huegel intentionally falsified her time sheet by marking herself as leaving work at 2:45 p.m., while actually leaving at 2:23 p.m., prior to the required ending time of 2:30 p.m., even though a co-worker told her to wait because she might have to work overtime. On February 4, 2000, appellees terminated appellant Huegel's employment. Appellant Huegel alleges that appellees wrongfully terminated her employment and defamed her, which damaged her professional and social life.
 {¶ 5} Appellees also claimed that appellant Savric left work early on January 25, 2000. A co-worker advised appellant Savric that there was a possibility that she needed to work overtime. However, appellant Savric left work early, at approximately 2:26 p.m., prior to the specified departure time of 2:30 p.m., without signing her time sheet. Appellees also contended that appellant Savric harassed and intimidated Tanase, as well as made insulting comments to Sawyer and DiSario, which she denied. On February 4, 2000, appellees discharged appellant Savric. Appellant Savric alleges that she was wrongfully terminated and that her supervisor made intentional and or reckless accusations, which constituted slander.
 {¶ 6} On March 29, 2002, the trial court denied appellants' motion to vacate the court's December 19, 2001 decision, granting summary judgment in favor of appellees. It is from that entry that appellants filed a timely notice of appeal on April 29, 2002, and make the following assignments of error:
 {¶ 7} "[1.] Did the trial court commit reversible error when it, inter alia, ruled that [appellants'] cause of slander was pre-empted by the National Labor Relations Act and the relevant union grievance?
 {¶ 8} "[2.] Whether the trial court committed reversible error when overruling [appellants'] motion for relief from judgment when it was a distinct probability, under the heading of excusable neglect and the preference to decide cases on their merits, that appellant[s] did file a responsive motion to [appellees'] motion for summary judgment.
 {¶ 9} "[3.] The trial court lacked subject matter jurisdiction over [appellees'] motion for summary judgment since it did not comport to the spirit and letter of [Civ.R.] 56 with regards to a request for leave to file for summary judgment when the matter had been set for pre-trial and trial, all in violation of [Civ.R.] 56 of the Ohio Rules of Civil Procedure."
 {¶ 10} Appellants' first and third assignments of error relate back to the December 19, 2001 judgment entry, in which appellees' motion for summary judgment was granted. Appellants filed a motion for relief from judgment or order pursuant to Civ.R. 60(B) on December 28, 2001, rather than an appeal. Civ.R. 60(B), however, is not a substitute for appeal and cannot be used to circumvent or extend the time requirements for filing an appeal. In the instant matter, appellants filed an appeal on April 29, 2002, from the March 29, 2002 judgment entry, denying appellants' motion to vacate the earlier judgment entry, granting appellees' motion for summary judgment. Therefore, the issues contained in appellants' first and third assignments of error will not be afforded a merit analysis because they are untimely. Thus, only appellants' second assignment of error is properly before this court.
 {¶ 11} In their second assignment of error, appellants argue that the trial court committed reversible error when it overruled their motion for relief from judgment when there was a distinct probability, under the heading of excusable neglect and the preference to decide cases on their merits, that appellants did file a responsive motion to appellees' motion for summary judgment.
 {¶ 12} Civ.R. 60(B) states in pertinent part that "* * * the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."
 {¶ 13} "* * * [P]ublic policy supports the concept that parties must timely respond to a motion for summary judgment, rather than allow the summary judgment to be granted and then seek relief pursuant to a [Civ.R. 60(B) motion for relief from judgment.]" Massengill v. Hamdan
(Feb. 23, 1996), 6th Dist. No. L-95-210, 1996 Ohio App. LEXIS 595, at 9. In the instant case, appellees filed a motion for summary judgment. Although appellants contend that they responded with matter contra to appellees' motion, court records do not substantiate their claim. Appellants cannot give a definitive explanation for why their pleading was not filed. Appellants believe that the failure occurred either because it was lost in the mail, or was lost or mixed with another file by the clerk of courts. The trial court stated that appellants have "alleged a mistake in that [they] believed [they] mailed an appropriate pleading but apparently did not do so. *** The Court finds no indication that any document was delivered to the Clerk of Courts prior to this Court ruling on the motion for summary judgment." Because appellants failed to respond, appellees' motion for summary judgment was granted, and appellants now seek to have this judgment vacated pursuant to Civ.R. 60(B).
 {¶ 14} "In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to one of the grounds of relief stated in Civ.R. 60(B)(1) through (5); and (3) the motion must be made within a reasonable period of time * * *." Ellwoodv. Thompson (Aug. 7, 1992), 11th Dist. No. 91-T-4590, 1992 Ohio App. LEXIS 4092, at 4, citing GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, 150. All three requirements must be complied with in a motion for relief under Civ.R. 60(B). Ellwood at 5. Therefore, the motion should be overruled if any of these three requirements are not met.
 {¶ 15} In the case sub judice, appellants failed to demonstrate a meritorious claim or defense pursuant to Ellwood and GTE, supra. There are no facts to establish the necessary elements for appellants to assert a meritorious claim against appellees with respect to slander. Appellants do not even present any evidential material to support the conclusion that their arguments are meritorious. Therefore, based on Ellwood andGTE, supra, appellants have failed to meet all three requirements pursuant to Civ.R. 60(B). Thus, appellants' motion to vacate was properly denied.
 {¶ 16} Assuming arguendo that appellants advanced a recognized claim, they failed to show that their neglect was excusable, pursuant to Civ.R. 60(B)(1). What constitutes "excusable neglect" is dependent upon the facts and circumstances of each case. Katko v. Modic (1993),85 Ohio App.3d 834, 837. In order to prevail on this issue, appellants must establish that the court abused its discretion by denying their Civ.R. 60(B) motion. Id. at 838. "[W]here * * * the judgment from which relief is sought is a summary judgment rendered without any response having been made to the motion for summary judgment, the party seeking relief must show that it could [have made] an adequate response, demonstrating the existence of a genuine issue of material fact, pursuant to Dresher v. Burt (1996), 75 Ohio St.3d 280 * * *." Dysert v. State AutoMut. Ins. Co. (April 23, 1999), 2d Dist. No. 98-CA-46, 1999 Ohio App. LEXIS 1819, at 5. In the instant case, the record reflects that appellants failed to respond to appellees' motion for summary judgment. Again, appellants argue that their pleading was not filed because it was either lost in the mail or became mixed with another file by the clerk of courts with matter contra to the court's judgment entry. However, appellants failed to establish that the court abused its discretion by denying their Civ.R. 60(B) motion pursuant to Katko, supra. More importantly, appellants failed to show that they could have made an adequate response by demonstrating the existence of a genuine issue of material fact pursuant to Dresher, supra.
 {¶ 17} In the case at bar, appellants failed to respond to appellees' motion for summary judgment with affidavits or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Appellants provided no substantial reason, but rather only speculative possibilities as to why no response was filed. Therefore, appellants failed to demonstrate that their neglect was excusable. Thus, appellants' second assignment of error is without merit.
 {¶ 18} For the foregoing reasons, appellants' first and third assignments of error are untimely, and appellants' second assignment of error is not well taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.