[Cite as *Muskingum Watershed Conservancy Dist. v. Kellar*, 2011-Ohio-6889.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| MUSKINGUM WATERSHED | : | W. Scott Gwin, P.J. |
| CONSERVANCY DISTRICT | : | John W. Wise, J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | |
| | : | Case No. 2011AP020009 |
| -vs- | : | |
| | : | |
| | : | O P I N I O N |
| BRUCE KELLAR | | |
| | | |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:          Civil Appeal from Tuscarawas County
                                  Court of Common Pleas Case No.
                                  2010CV080911

JUDGMENT:                         Affirmed

DATE OF JUDGMENT ENTRY:           December 30, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

J. KEVIN LUNDHOLM                         JAMES J. ONG
JONATHAN C. MIZER                         Connolly, Hillyer, Lindsay
Kyler, Pringle, Lundholm                  & Ong, Inc.
& Durmann, L.P.A.                         201 N. Main Street
405 Chauncey Avenue, N.W.                 P.O. Box 272
P.O. Box 668                              Uhrichsville, Ohio  44683
New Philadelphia, Ohio  44663

*Edwards, J.*

{¶1} Appellant, Bruce Kellar, appeals a judgment of the Tuscarawas County Common Pleas Court overruling his Civ. R. 60(B) motion to vacate a default judgment entered in favor of appellee Muskingum Watershed Conservancy District.

STATEMENT OF FACTS AND CASE

{¶2} In 2000, appellant entered into a lease with appellee for a parcel of real property in Tuscarawas County, Ohio. Appellee leases cottage sites around fourteen lakes within its jurisdiction, on which the lessee may build a cottage or purchase a cottage from a prior lessee. The lease agreement includes guidelines concerning the maintenance of the property.

{¶3} Appellee alleged that appellant violated the lease by keeping inoperative or unlicensed vehicles on his property; allowing brush, debris and several containers of cat litter to accumulate on the property and failing to restrain his dogs. Appellee gave appellant notice on several occasions that he was in violation of the lease and provided appellant with notice of termination of the lease on July 9, 2010. The lease termination was effective August 8, 2010.

{¶4} Appellee filed the instant action alleging breach of contract and seeking a declaratory judgment against appellant on August 10, 2010. Service was attempted by certified mail but returned unclaimed. The summons and complaint were sent to appellant by regular mail pursuant to Civ. R. 4(D) on September 3, 2010.

{¶5} Appellee moved for default judgment on October 12, 2010, as appellant failed to file an answer to the complaint. The trial court granted the motion for default

judgment, ordering appellant to vacate the property within 30 days and ordering any property not removed from the property to be sold.

{¶6}   Appellant filed a motion to vacate the judgment pursuant to Civ. R. 60(B). In his motion he argued that he was entitled to relief due to excusable neglect and inadvertence because he was under the impression that an order would be issued authorizing clean up of his property, but was not aware that the court would order foreclosure on the property.  He argued that he had "numerous defenses to the action" without specifying what such defenses might be.

{¶7}   The court held an evidentiary hearing on January 24, 2011.  Appellant testified the he remembered receiving paperwork about the lawsuit in the fall, and he thought that by telling one of the rangers employed by appellee about the things his neighbors were doing to him, it would be put in a computer somewhere and filed.  He testified that he didn't know they could tell him he had to sell his house and get out, he thought they would make him clean up the property.  He testified that his understanding about what the lawsuit was about came from talking to people and he did not bother to read anything he might have received from the Clerk of Courts because "everybody's telling me I gotta clean up my property."  Tr. 57.  Appellant testified at great length about his complaints concerning his neighbors' behavior and maintenance of their property, arguing that he has been singled out for eviction while others are in violation of the lease as well.

{¶8}   The court overruled the motion, finding that while the motion was timely filed, appellant failed to demonstrate that he was entitled to relief on one of the grounds

specified in Civ. R. 60(B)(1) through (5), and failed to demonstrate that he had a meritorious defense to the action.

**{¶9}** Appellant sets forth a single assignment of error:

**{¶10}** "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."

**{¶11}** Civ. R. 60(B) provides:

**{¶12}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶13}** In *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113, the Ohio Supreme Court set forth the factors necessary to recover under Civ.R. 60(B). "[T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to

relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Where any one of the foregoing requirements is not satisfied, Civ.R. 60(B) relief is improper. *State ex rel. Richard v. Seidner,* 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.

{¶14} Appellant does not argue in his brief that the trial court erred in finding that he failed to demonstrate that he was entitled to relief on one of the grounds specified in Civ. R. 60(B)(1)-(5). However, in his motion he argued excusable neglect or inadvertence.

{¶15} A failure to plead or respond after admittedly receiving a copy of a complaint is not "excusable neglect." *Katko v. Modic* (1993), 85 Ohio App.3d 834, 838, 621 N.E.2d 809, 811-812. Likewise, the neglect of an individual to seek legal assistance after being served with court papers is not excusable. *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 116, 11 OBR 166, 170-171, 463 N.E.2d 417, 421-422. It is settled law that mere carelessness on a litigant's part is not sufficient to rise to the level of "mistake, inadvertence, surprise, or excusable neglect." *Bugbee & Conkle v. N. G. Food Corp* (December 17, 1982), Lucas App. No. L-82-264, unreported, citing *United States v. McDonald* (N.D. Ill., 1980), 86 F.R.D. 204, 207.

{¶16} Appellant testified that he was aware of the lawsuit through talking to other people, but believed that it only related to ordering him to clean up his property and that he could "answer" the complaint by talking to a ranger:

{¶17} "Q. Do you remember receiving lawsuit paperwork from the MWCD, paperwork that generated our hearing here today ultimately?

{¶18} "A. Yeah.

{¶19} "Q. And about when did you get that if you remember?

{¶20} "A. This Fall.

{¶21} "Q. Do you remember that paperwork telling you that you had 28 days time in which to file a response with the conservancy district lawyer and then file a copy with the Clerk of Court's office?

{¶22} "A. No.

{¶23} "Q. What kind of response did you think you needed to give back to the Court based on that paperwork that you had received?

{¶24} "A. None. I talked to Jeremy and one of the other Rangers.

{¶25} "Q. Mr. Hoffer that was in here today?

{¶26} "A. Yes.

{¶27} "Q. Tell us what did you talk to him about?

{¶28} "A. Well, about things my neighbors were doing to me and I thought, you know, if I report it to a Ranger it would get typed into a computer somewhere and be filed. But from what I hear today all the complaints I've been making for about ten years they don't act on anything.

{¶29} "Q. What did you think would happen if you didn't file a formal response here with the Court?

{¶30} "A. I didn't know they could tell me I had to sell my house and get out of there.

{¶31} "Q. What did you think could happen?  Worse case scenario in your mind what was going to happen?

{¶32} "A. That they would send somebody out to trim those fallen trees and send me a bill for doing it."  Tr. 29-31

{¶33} "Q. You indicate in your affidavit, Mr. Kellar, that it was you (sic) understanding that the remedy being sought in this lawsuit was simply for an order to clean up your property.

{¶34} "A. Yeah.

{¶35} "Q. How did you get that understanding without reading it?

{¶36} "A. Talking to people."  Tr. 56.

{¶37} He further admitted that he did not read documents that came to him from the Clerk of Courts:

{¶38} "THE WITNESS: And I'm thinking what the hell is going on with a Sheriff's sale?  I don't owe any money on my house to nobody.

{¶39} "THE COURT: Is that when you went to Mr. Ong?

{¶40} "THE WITNESS: Yes.

{¶41} "Q. Is it fair to say, sir, that you did not bother to read anything that you may have received up until that point in time from the Clerk of Courts office?

**{¶42}** "A. Yeah, that's true.  I mean everybody's telling me I gotta clean up my property."  Tr. 57.

**{¶43}** Clearly appellant chose to ignore the documents he received, to rely on neighborhood talk as to what the lawsuit was about, and to rely on appellee's employees to "answer" his complaint for him when he told them his side of the story. This does not rise to the level of excusable neglect or inadvertence.

**{¶44}** Appellant argues that he presented a meritorious defense in that he was singled out for eviction while others were in violation of the lease, and that despite his complaints to appellee, nothing was done about his neighbors.  However, the evidence reflected that in the past, appellee has been able to resolve issues with lessees to its satisfaction without filing a request to terminate the lease.  Tr. 27.  The evidence further reflected that while appellant testified at length regarding his complaints about the behavior of his neighbors and the manner in which they maintain their property, he presented absolutely no evidence that he was not in violation of the lease terms.  He presented no evidence of any discriminatory intent on the part of appellee nor did he present any evidence that he attempted to cooperate with appellee to address the concerns on his property.  His claim that he was entitled to break the terms of the lease and refuse to comply unless and until he believed all other tenants were in compliance with the lease is not a meritorious defense.

**{¶45}** The trial court did not abuse its discretion in overruling appellant's motion to vacate the default judgment.  The assignment of error is overruled.

**{¶46}** The judgment of the Tuscarawas County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r1101

[Cite as *Muskingum Watershed Conservancy Dist. v. Kellar*, 2011-Ohio-6889.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MUSKINGUM WATERSHED CONSERVANCY DISTRICT | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRUCE KELLAR | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011AP020009 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES