[Cite as *State ex rel. Yost v. Orlando*, 2022-Ohio-4053.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO ex rel.
DAVE YOST,
ATTORNEY GENERAL OF OHIO,

          Plaintiff-Appellee,

        - vs -

PATRICK ORLANDO d.b.a.
HOLIDAY VILLAGE MOBILE
HOME PARK,

          Defendant-Appellant.

**CASE NOS.  2022-A-0003**
                  **2022-A-0013**

Civil Appeals from the
Court of Common Pleas

Trial Court No. 2021 CV 00368

---

## O P I N I O N

Decided: November 14, 2022
Judgment: Affirmed

---

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; *Amy M. Geocaris* and *Katherine A. Walker*, Assistant Attorneys General, Environmental Enforcement Section, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Plaintiff-Appellee).

*Kyle B. Smith*, Smith & Miller, Attorneys at Law, 36 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Patrick Orlando d.b.a. Holiday Village Mobile Home Park ("Mr. Orlando"), appeals from the judgments of the Ashtabula County Court of Common Pleas assessing a civil penalty of $70,000 against him for violations of Ohio's water pollution control laws and overruling his motions to vacate and for a new trial.

{¶2}   Mr. Orlando asserts three assignments of error, contending that the trial court abused its discretion (1) by assessing a civil penalty against him in the amount of

$70,000; (2) by overruling his motion to vacate the civil penalty judgment without a hearing; and (3) by overruling his motion for a new trial on the basis of newly discovered evidence.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) Mr. Orlando has not established that the trial court abused its discretion in assessing a civil penalty against him in the amount of $70,000. Because Mr. Orlando failed to file a transcript or affidavit with his objections to the magistrate's decision, we are precluded from reviewing the transcript submitted on appeal. Thus, we are unable to review the evidentiary basis for the trial court's findings.

{¶5} (2) The trial court did not abuse its discretion by overruling Mr. Orlando's motion to vacate the civil penalty judgment without a hearing. Mr. Orlando failed to allege sufficient operative facts in his motion that would warrant relief based on excusable neglect. Rather, it appears Mr. Orlando filed his motion for the purpose of obtaining a "do-over" of the penalty hearing with legal representation, which the civil rules do not permit.

{¶6} (3) The trial court did not abuse its discretion by overruling Mr. Orlando's motion for a new trial. Evidence regarding an event that occurred after the penalty hearing is not considered "newly discovered evidence" upon which to justify the granting of a new trial.

{¶7} Thus, we affirm the judgments of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶8} Mr. Orlando owns and operates the Holiday Village Mobile Home Park located at 4071 Lake Road, North Kingsville, Ohio. A wastewater treatment facility is

2

Case Nos. 2022-A-0003 and 2022-A-0013

located on the property. In 2013, Mr. Orlando applied for a National Pollutant Discharge Elimination System ("NPDES") permit to allow for the discharge of wastewater from the treatment facility into Lake Erie. The Director of the Ohio Environmental Protection Agency ("Ohio EPA") issued Mr. Orlando an NPDES permit effective from September 1, 2014, to August 31, 2019.

{¶9} In August 2021, appellee, the state of Ohio ex rel. Dave Yost, Attorney General of Ohio ("the state"), filed a "complaint for injunctive relief and civil penalties" against Mr. Orlando in the Ashtabula County Court of Common Pleas. The state alleged that Mr. Orlando failed to comply with various terms and conditions of the NPDES permit; that following the permit's expiration, Mr. Orlando continued to discharge wastewater into Lake Erie; and that Ohio EPA informed Mr. Orlando of these violations through letters sent in June 2015, August 2017, December 2017, and January 2018.

{¶10} In five asserted claims, the state alleged that Mr. Orlando violated Ohio's water pollution control laws under R.C. Chapter 6111 and rules adopted thereunder by, respectively, (1) discharging pollution into state waters without an NPDES permit; (2) failing to meet minimum staffing requirements; (3) failing to monitor and/or report discharges of certain pollutants; (4) failing to comply with the permit's compliance schedule, including the submission of plans for plant and sewer system improvements; and (5) failing to designate an operator of record.

{¶11} The state requested an order permanently enjoining Mr. Orlando from violating R.C. Chapter 6111, the rules adopted thereunder, and the terms and conditions of all permits. It further requested orders requiring Mr. Orlando to obtain an NPDES permit; to make all necessary improvements; to pay civil penalties of $10,000 per day for

3

each day of each violation; and to pay all costs and fees of the action, including the state's extraordinary enforcement costs and attorney fees.

{¶12} Mr. Orlando was served with the complaint and summons but did not file an answer or other responsive pleading. The state filed a motion for default judgment. In October 2021, the trial court filed a judgment entry granting the state's motion for default judgment. The trial court permanently enjoined Mr. Orlando from violating R.C. Chapter 6111 and the rules adopted thereunder. It also ordered Mr. Orlando to obtain an NPDES permit; to make all necessary improvements pursuant to a permit to install issued by Ohio EPA; and to pay all costs and fees of the action, including the state's extraordinary enforcement costs.

{¶13} The trial court scheduled an evidentiary hearing to determine the appropriate civil penalty to assess against Mr. Orlando. On the day of the penalty hearing, the state filed a brief requesting that the trial court order Mr. Orlando to pay a civil penalty of $70,000.

{¶14} A magistrate presided at the penalty hearing. The magistrate's decision indicates that the state appeared through counsel; that Mr. Orlando appeared pro se; that the state presented the testimony of two witnesses and submitted seven exhibits; and that Mr. Orlando presented his own testimony. Following the penalty hearing, the magistrate filed a decision recommending, based on the testimony and exhibits presented, that Mr. Orlando pay the state's requested civil penalty of $70,000.

{¶15} Mr. Orlando filed pro se objections to the magistrate's decision. He did not file a transcript or affidavit of the evidence submitted at the penalty hearing or seek leave to do so pursuant to Civ.R. 53(D)(3)(b)(iii). Mr. Orlando contended that he was awaiting Ohio EPA's issuance of a permit to install improvements to the treatment facility. He also

4

Case Nos. 2022-A-0003 and 2022-A-0013

contended that the costs of the improvements and the civil penalty would be "ruinous" and "financially disabling." The state opposed Mr. Orlando's objections on procedural and substantive grounds.

{¶16} In January 2022, the trial court filed a judgment entry affirming and adopting the magistrate's decision. The trial court noted that Mr. Orlando failed to file a transcript or an affidavit or to request leave. Thus, it determined there was no error of law or other defect on the face of the magistrate's decision. In a separate judgment entry, the trial court discussed and made findings under each of the factors set forth in the Supreme Court of Ohio's decision in *State ex rel. Brown v. Dayton Malleable, Inc.*, 1 Ohio St.3d 151, 438 N.E.2d 120 (1982), and assessed a civil penalty of $70,000 against Mr. Orlando.

{¶17} Approximately one month later, Mr. Orlando, through counsel, filed a motion for a new trial pursuant to Civ.R. 59(A)(8) on the basis of newly discovered evidence. Mr. Orlando contended that Ohio EPA issued him a permit to install the improvements to the treatment facility approximately three weeks after the penalty hearing.

{¶18} The next day, Mr. Orlando filed a Civ.R. 60(B) motion to vacate the October 2021 and January 2022 judgments on the basis of excusable neglect and newly discovered evidence and requested an oral hearing. On the same date, Mr. Orlando filed a notice of appeal of the October 2021 and January 2022 judgments (case no. 2022-A-0003). The state opposed Mr. Orlando's motions to vacate and for a new trial, contending that the trial court was divested of jurisdiction. While Mr. Orlando's appeal was pending, a transcript of the penalty hearing was filed in the trial court.

{¶19} On Mr. Orlando's motion, this court remanded the matter to the trial court to rule on Mr. Orlando's motions to vacate and for a new trial. The state filed a supplemental response in opposition to Mr. Orlando's motions. In March 2022, the trial court filed a

5

Case Nos. 2022-A-0003 and 2022-A-0013

judgment entry overruling both of Mr. Orlando's motions. Mr. Orlando filed a notice of appeal of the March 2022 judgment (case no. 2022-A-0013). We sua sponte consolidated Mr. Orlando's appeals for all purposes.

{¶20} Mr. Orlando raises the following three assignments of error:

{¶21} "[1.] The trial court erred in assessing a civil penalty in the unreasonable and arbitrary amount of $70,000.00 against appellant Patrick Orlando for partial non-compliance with EPA orders and violations concerning a small mobile home park consisting of twenty lots.

{¶22} "[2.] The trial court erred by denying appellant's motion to vacate the January 12, 2022 $70,000 civil penalty judgment against appellant Patrick Orlando without an oral hearing.

{¶23} "[3.] The trial court erred by denying appellant Patrick Orlando's motion for new trial under Civil Rule 59(A) based on new evidence, namely the issuance by the EPA of a permit to install improvements that would have brought appellant into substantial compliance."

## Civil Penalty

{¶24} In his first assignment of error, Mr. Orlando contends that the trial court abused its discretion in assessing a civil penalty against him in the amount of $70,000.

{¶25} R.C. Chapter 6111 addresses water pollution control. R.C. 6111.07(A) provides that "[n]o person shall violate or fail to perform any duty imposed by sections 6111.01 to 6111.08 * * * of the Revised Code or violate any order, rule, or term or condition of a permit issued or adopted by the director of environmental protection pursuant to those sections. Each day of violation is a separate offense."

6

Case Nos. 2022-A-0003 and 2022-A-0013

{¶26} The General Assembly intended to use economic sanctions to deter violations of R.C. Chapter 6111, and thereby to promote the goal of clean water in Ohio, when it provided for substantial monetary penalties. *State ex rel. DeWine v. Deer Lake Mobile Park, Inc.*, 2015-Ohio-1060, 29 N.E.3d 35, ¶ 42 (11th Dist.). Thus, R.C. 6111.09(A) provides that "[a]ny person who violates section 6111.07 of the Revised Code shall pay a civil penalty of not more than ten thousand dollars per day of violation."

{¶27} Assessing an environmental civil penalty lies within the trial court's discretion. *Deer Lake* at ¶ 41. As long as the amount assessed is less than the statutory maximum, it is within the trial court's discretion to fix that amount. *Id.* In exercising its discretion, a trial court may apply the factors set forth by the Supreme Court of Ohio in *Dayton Malleable*, *supra.* These factors are "(1) the harm or risk of harm posed to the environment by the violations, (2) the violator's level of recalcitrance, defiance, or indifference to the law, (3) the economic benefit gained by the violation, and (4) the extraordinary enforcement costs incurred by the state." *Deer Lake* at ¶ 44; *see Dayton Malleable* at 154-157.

{¶28} On appeal, Mr. Orlando challenges the trial court's application of the *Dayton Malleable* factors. However, because Mr. Orlando failed to file a transcript or affidavit in support of his objections to the magistrate's decision, our standard of review is greatly limited.

{¶29} Civ.R. 53(D)(3)(b)(iii) provides, in relevant part, that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

7

{¶30} The Supreme Court of Ohio has held that "[w]hen a party objecting to a [magistrate's decision] has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the [decision], appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision], and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). "In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Id.*

{¶31} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶32} Here, Mr. Orlando disputes the evidentiary basis for the trial court's findings under *Dayton Malleable*. Without reviewing the transcript of the penalty hearing, however, we cannot consider Mr. Orlando's arguments in the manner he requests. Although Mr. Orlando was unrepresented when he filed his objections, a pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law. *In re Estate of Sowande*, 11th Dist. Portage No. 2014-P-0018, 2014-Ohio-5384, ¶ 48. Otherwise, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel. *Id.*

{¶33} Accordingly, Mr. Orlando has not established that the trial court abused its discretion in assessing a civil penalty against him in the amount of $70,000.

8

{¶34} Mr. Orlando's first assignment of error is without merit, and the trial court's January 2022 judgment is affirmed.

## Motion to Vacate

{¶35} In his second assignment of error, Mr. Orlando contends that the trial court abused its discretion by overruling his Civ.R. 60(B) motion to vacate the January 2022 civil penalty judgment on the basis of excusable neglect.[1]

{¶36} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *MCS Acquisition Corp. v. Gilpin*, 11th Dist. Geauga No. 2011-G-3037, 2012-Ohio-3018, ¶ 20. Thus, our standard of review is whether the trial court abused its discretion. *Id.*

{¶37} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

---

1. Mr. Orlando does not challenge the trial court's denial of his motion in relation to the October 2021 default judgment or the January 2022 judgment adopting the magistrate's decision. He also does not contend that his motion should have been granted on the basis of "newly discovered evidence" pursuant to Civ.R. 60(B)(2).

9

Case Nos. 2022-A-0003 and 2022-A-0013

{¶38} There is no dispute regarding the timeliness of Mr. Orlando's motion (the third prong). Rather, the parties dispute whether Mr. Orlando established a meritorious defense (the first prong) and entitlement to relief under one of the grounds in Civ.R. 60(B)(1) through (5) (the second prong). We find the second prong to be dispositive.

{¶39} Mr. Orlando contends that he was entitled to relief under Civ.R. 60(B)(1), which provides that "the court may relieve a party * * * from a final judgment, order or proceeding for * * * excusable neglect[.]"

{¶40} "What constitutes 'excusable neglect' depends on the facts and circumstances of each case." *Katko v. Modic*, 85 Ohio App.3d 834, 837, 621 N.E.2d 809 (11th Dist.1993). In a typical "excusable neglect" situation, a party has failed to follow a requisite course of action, and the trial court has therefore penalized the party, often by default judgment. 2 Robertson & Terez, *Baldwin's Ohio Practice, Civil Practice*, Section 60:39 (Rev.Nov.2021). The movant alleges that his or her conduct, although neglectful, was excusable. *Id.* Thus, in the context of relief from judgment by default, the Supreme Court of Ohio has defined "excusable neglect" in the negative, stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic* at 153.

{¶41} Here, the trial court did not assess the civil penalty against Mr. Orlando by default. Mr. Orlando represented himself at the penalty hearing, and the trial court decided the case on the merits.

{¶42} In his Civ.R. 60(B) motion, Mr. Orlando contended that he is "an eighty-one (81) year old man with no business or legal background" and that he "did not fully understand the proceedings against him or the need to seek legal counsel." While these

10

are excuses, Mr. Orlando did not identify his neglectful conduct in relation to the civil penalty judgment. "The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988).

{¶43} In his reply brief on appeal, Mr. Orlando identifies his neglectful conduct as his "failure to obtain counsel." He contends that "any competent attorney could have made a good case for a civil penalty significantly less than $70,000."

{¶44} While proceeding pro se at the penalty hearing may have affected the outcome, Mr. Orlando's failure to obtain counsel constitutes, at most, "neglect" but not "excusable neglect." *See Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 13. "A party who is informed of court action against him and fails to seek legal assistance does so at his risk * * *." *Yuhanick v. Cooper*, 7th Dist. Columbiana No. 96-CO-45, 1998 WL 811355, *5 (Nov. 16, 1998). "Courts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system." *Dayton Power* at ¶ 12.

{¶45} Moreover, "Civ.R. 60(B) is not intended to permit parties to have 'do-overs.'" *Gilson v. Am. Inst. of Alternative Medicine*, 2016-Ohio-1324, 62 N.E.3d 754, ¶ 73 (10th Dist.), quoting *Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga No. 2009-G-2931, 2010-Ohio-3359, ¶ 84. "Otherwise, a party who receives an unfavorable ruling could use Civ.R. 60(B) to have potentially unlimited opportunities to submit additional evidence or present new legal theories, 'essentially asking the court each time, "is this enough." Such "second bites at the apple" are not authorized by the Rules of Civil Procedure.'" *Id.*, quoting *Adams* at ¶ 85.

11

**{¶46}** Here, the trial court aptly explained, "a civil penalty was awarded to [the state] after a hearing where [Mr. Orlando] appeared after sufficient notice and chose to represent himself. * * * Only after an adverse ruling in favor of [the state] did [Mr. Orlando] obtain legal representation to file the present motions. Now [Mr. Orlando] through counsel is asking essentially for a do-over to re-litigate the matters already decided by the Court, but this time with legal representation in hope of a favorable outcome." The trial court's analysis is supported by the record and is consistent with Ohio law; thus, we find no abuse of discretion.

**{¶47}** Mr. Orlando next contends that he established a meritorious defense. Because Mr. Orlando did not establish excusable neglect, the trial court properly denied his Civ.R. 60(B) motion. Therefore, the issue of whether he established a meritorious defense is moot.

**{¶48}** Finally, Mr. Orlando contends that he was entitled to an oral hearing on his Civ.R. 60(B) motion. The Supreme Court of Ohio has held that "'[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). Conversely, "[i]f the motion for relief fails to allege operative facts that would warrant relief, the court need not conduct a hearing." *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga Nos. 84274 and 84505, 2004-Ohio-5854, ¶ 79.

**{¶49}** As indicated, Mr. Orlando did not identify his neglectful conduct in his motion; thus, he failed to allege sufficient operative facts. To the extent Mr. Orlando was

12

Case Nos. 2022-A-0003 and 2022-A-0013

referencing his failure to obtain counsel for the penalty hearing, such neglect did not warrant relief under Civ.R. 60(B)(1). Accordingly, we find no error regarding the trial court's failure to hold an evidentiary hearing.

{¶50} Mr. Orlando's second assignment of error is without merit.

**Motion for a New Trial**

{¶51} In his third assignment of error, Mr. Orlando contends that the trial court abused its discretion by overruling his motion for a new trial pursuant to Civ.R. 59(A)(8) on the basis of newly discovered evidence.

{¶52} We review a trial court's judgment on a Civ.R. 59 motion for an abuse of discretion. *Monroe v. Youssef*, 11th Dist. Trumbull No. 2009-T-0012, 2012-Ohio-6122, ¶ 56.

{¶53} Civ.R. 59(A)(8) provides that a new trial may be granted on the ground of "[n]ewly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial[.]" Here, Mr. Orlando's "newly discovered evidence" consists of the permit to install that Ohio EPA issued to him on December 22, 2021, i.e., three weeks *after* the penalty hearing.

{¶54} This court has held that "[e]vents that occur after the trial cannot be considered newly discovered evidence upon which to justify the granting of a new trial." *Hails v. Hails*, 11th Dist. Lake No. 92-L-182, 1993 WL 407258, *1 (Sept. 30, 1993). Rather, "newly discovered evidence refers to facts in existence at the time of the trial, of which the parties were excusably ignorant." *Lovejoy v. Lovejoy*, 5th Dist. Stark No. 2002-CA-000034, 2002-Ohio-4877, ¶ 13. "To permit parties to bring up issues and facts that occurred after the trial would only serve to leave judgments unsettled and open to challenge at any time. Litigation must come to a reasonable end." *Hails* at *1. *Accord*

13

*Lawless v. Bd. of Edn. of Lawrence Cty. Educational Serv. Ctr.*, 2020-Ohio-117, 141 N.E.3d 267, ¶ 69-70 (4th Dist.), *appeal not accepted*, 159 Ohio St.3d 1464, 2020-Ohio-3882, 150 N.E.3d 118.

**{¶55}** Mr. Orlando cites contrary authority from two appellate districts; however, those decisions appear to be outliers involving unique factual circumstances. *See, e.g.*, *Knox v. Knox*, 26 Ohio App.3d 17, 18, 498 N.E.2d 236 (5th Dist.1986) (a judgment in a contested divorce case following "unconscionable delay"); *Lerner v. Giolekas*, 8th Dist. Cuyahoga No. 102768, 2016-Ohio-696 (a civil stalking protection order). We find no compelling reason to depart from our precedent. Accordingly, the trial court did not err in overruling Mr. Orlando's motion for a new trial.

**{¶56}** Mr. Orlando's third assignment of error is without merit, and the trial court's March 2022 judgment is affirmed.

**{¶57}** For the foregoing reasons, the judgments of the Ashtabula County Court of Common Pleas are affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

14

Case Nos. 2022-A-0003 and 2022-A-0013